The Circuit Court of Montgomery County modified a previous decree of divorce. The mother appeals from the modification and this court affirms.
The original decree of divorce awarded custody of the children to the mother. The minor daughter is four years old and the minor son is two years old. The father was awarded visitation privileges as follows:
a. Four weeks each summer commencing 1981.
 b. Every other weekend from Friday at 6:00 o'clock p.m. through Sunday at 6:00 o'clock p.m.
 c. Seven days each Christmas commencing at 2:00 p.m. on Christmas Day.
d. Every other Thanksgiving commencing 1982.
Thereafter, the father petitioned the trial court for custody. After an ore tenus hearing, *Page 814 
the trial court modified the prior decree of divorce. The trial court ordered "[t]hat the parties shall hold joint legal custody of the minor children. . . ." Specifically, the trial court ordered:
 3. The father shall exercise actual physical custody of the children at the following times and dates:
a. Four weeks each summer commencing 1981.
 b. Every other weekend from Friday, 6:00 o'clock P.M. until Sunday, 6:00 o'clock P.M.
 c. Seven days each Christmas commencing at 2:00 o'clock P.M. on Christmas Day.
d. Every other Thanksgiving commencing 1982.
 e. Each Tuesday and Thursday from 4:00 o'clock P.M. until the next morning at 8:00 o'clock A.M.
 f. The father shall pick up and deliver the children either at the mother's home in Montgomery or at the day-care center, depending on the time of day that his physical custody commences or terminates.
 The mother shall exercise physical custody on dates and times not included in the father's physical custody provisions.
As indicated, the mother appeals, contending no material change in circumstances had occurred to warrant a change in custody. We disagree.
When a party to a divorce seeks a modification of the child custody provisions of the original decree, he must show a material change in circumstances which adversely affects the best interests and welfare of the children. Taylor v. Taylor,387 So.2d 849 (Ala.Civ.App. 1980). When, after an ore tenus
hearing, the trial court renders its judgment, this court presumes it to have correctly applied discretionary authority and adjudged the best interest of the child. Barber v. Lay,384 So.2d 1095 (Ala.Civ.App.), cert. denied, 384 So.2d 1096 (Ala. 1980). This court will not disturb that judgment unless it is so unsupported by the evidence as to appear plainly wrong.Stewart v. Grace, 360 So.2d 1032 (Ala.Civ.App. 1978).
Viewing the record with the attendant presumptions, the following is revealed:
The father lives with his parents in Montgomery. He is employed by TGY and works from 7:00 a.m. until 3:30 p.m.
The mother is employed by Gamble Steel in Montgomery and works forty hours per week, from 8:00 a.m. until 5:00 p.m. Shortly after the divorce, in an effort to further her employment opportunities, the mother began attending night school. Her classes are on Monday, Tuesday and Thursday evenings from 5:30 p.m. until 10:30 p.m. Also, after the divorce, the mother began working in Selma on alternate Saturdays.
The maternal grandmother takes care of the children while the mother is at work and at class. The grandmother often stays with the children at the mother's home in Montgomery, although the children have, on occasion, stayed at the grandmother's home in Verbena. There was some evidence that the maternal grandmother was not in excellent health. On those weekends when the mother works in Selma, the father keeps the children at the paternal grandparent's home.
With these facts before it, the distinguished trial judge found there had been a material change in circumstances and awarded the parents joint custody. Specifically, the trial judge determined that since the time of the divorce, the mother has less time to spend with the children. Consequently, in addition to vacations and alternate weekends, the father will now have physical custody on two of the evenings when the mother is attending class.
We cannot find the trial court erred in modifying the custody provisions of the divorce decree in view of the fact that the mother now attends night school three evenings a week. Pursuant to the modification order, the children will be placed in a licensed day care center during the day, and neither parent appears to complain about this arrangement. The children will spend the evenings and weekends in Montgomery *Page 815 
with one or the other custodial parent. It is our view, as it was obviously the view of the trial court, that this custody arrangement serves the best interests of the minor children.
For the reasons indicated, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.