This is a child custody case.
The Circuit Court of Walker County modified the original divorce decree, which awarded custody to the mother. After the modification hearing, custody of the two minor children was placed in the father.
The mother appeals, contending that the trial court erred in changing the custody of the children because there had been no material change in circumstances since the divorce and the best interest and welfare of the children were not served by the custody change. *Page 421 
Viewing the record with the attendant presumptions of correctness, the following is revealed:
The parties were married in October of 1976 and were divorced on July 6, 1983. During the course of the marriage, one child was born to the couple, and the mother's child by a previous marriage was adopted by the father.
The original divorce decree awarded the custody and care of the two minor children, ages eight and six years, to the mother. The father was required to pay support and was given visitation rights.
The father picked up one of the children on December 2, 1983, exercising his visitation rights. After the visitation period, he refused to return the child and petitioned the court to modify the original divorce decree, giving him custody of both children.
On December 9, 1983, after the petition for modification was filed, the mother married again. She testified that, for two months prior to the marriage, her present husband lived with her and the children. There was testimony that during that period they shared the same bedroom, had sexual relations, and did so when the children were at home.
The mother stated that she had used marijuana since the divorce. There was evidence that the marijuana was kept in a bread pan under the bed and was used by others in addition to the mother. Testimony was presented that the mother had offered to sell the marijuana on one occasion.
There was no evidence that the mother used any other drugs; however, she did admit to drinking occasionally. There was testimony that the mother's present husband drinks, and, on one occasion when someone was bringing the children back home, the husband was "so drunk he couldn't hardly stand up."
The mother testified that she had sex with three other men since her divorce and that some of them were married. On one particular morning, one of the children awoke to go to the restroom and came back to the bedroom to get in bed with her and the man.
In addition, the court heard evidence that the mother was a "filthy" housekeeper and, in some instances, left the children unattended in the afternoons while she was at work. These periods would range up to one hour and a half, leaving the children to walk around the trailer park without supervision.
The father testified that he worked as an operator in a mine for eight years and has been continuously employed. He married again in October of 1983. His present wife does not work and would be able to care for the children in the afternoons. The father stated that he and his wife attend church regularly and that he was also a coach for a little girls' softball team in the summer.
According to the record, the father kept the child in December of 1983 because she wanted to live with him and not with her mother.
The trial court heard the evidence ore tenus. The judge that presided over the modification hearing also presided over the original divorce decree. Additionally, the trial judge indicated that he had interviewed the two children in camera, apparently without any objection by the parents. What transpired at this interview is not contained in the record before this court.
The court awarded custody to the father, giving the mother considerable visitation rights. The father was also released from all child support payments required by the original decree.
As stated, the mother, through able counsel, appeals, contending that there has been no material change in circumstances since the divorce decree and that the best interest and welfare of the children is not served by the change in custody. We disagree.
When the trial court renders its judgment after an ore tenus
hearing on the petition to modify the child custody provision of a divorce decree, this court presumes that the trial court correctly applied *Page 422 
its discretionary authority and adjudged the best interest of the child. We will not disturb the trial court's judgment unless it is so unsupported by the evidence as to appear plainly wrong. Lightfoot v. Bylsma, 412 So.2d 813 (Ala.Civ.App. 1982).
In modifying a child custody decree, the petitioning party has the burden to prove the following:
 "[T]he `changed circumstance doctrine' . . . . requires that the party seeking modification prove to the court's satisfaction that material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child."
Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976).
Here, there was evidence that the mother used marijuana and that she and her present husband drank alcohol in the home. She admitted to living with her husband two months before she married him and also having sex with him while the children were home. The mother testified that she had sex with others, including married men, and, on at least one occasion, while the children were at home. In addition to these facts, testimony was heard that the mother was a filthy housekeeper and left the children unattended.
When a parent seeks custody, he must show that he is fit and that the change in custody "materially promotes" the child's best interest and welfare. McLendon v. McLendon, [Ms. 1984]455 So.2d 863 (Ala. 1984). Considering the father's lifestyle and the evidence presented as to the mother's activities, it appears that this burden has been met.
Additionally, when the parents agree to allow the trial court to interview the children in camera and the interview is not contained in the record on appeal, this court must presume that the interview supported the trial court's findings. Small v.Small, 412 So.2d 283 (Ala.Civ.App. 1982).
Finally, the mother contends in brief that the trial court's action may have been based on the fact that the mother was married to her recently divorced, present husband in the state of Georgia. This marriage took place before the expiration of his sixty-day marriage prohibition period required by Alabama law.
The mother contends that the marriage was legally permissible. We need not specifically address this issue. This is so because we cannot say what the trial court's action is based upon. However, we can say, as seen from the above, that the trial court's action is amply supported by the evidence without resort to the permissibility of the Georgia marriage.
In view of all the facts, the father's lifestyle in contrast to the mother's way of life, and, in addition, the trial court's in camera interview with the children, we cannot say that the court below erred in modifying the divorce decree, giving custody to the father.
The mother has requested an attorney's fee for representation on appeal. In view of the above, the request is denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.