This is a child custody modification case.
The father sought to modify the original divorce decree that awarded custody of the parties' minor child to the mother. The father's parents intervened in the suit and petitioned the trial court to award custody to them, the paternal grandparents. *Page 371 
After an ore tenus hearing, the Circuit Court of Jefferson County denied both the father's and the grandparents' petitions to modify and allowed custody to remain with the mother.
The father and the grandparents appeal; however, the father does not favor this court with a brief. The grandparents, through able counsel, contend that the trial court erred in failing to award custody of the child to the grandparents. We disagree and affirm.
Viewing the record with the attendant presumptions accorded the trial court's action, the following is revealed.
The parties were divorced on December 4, 1981; custody of the child, who is now three years old, was awarded to the mother with visitation rights to the father. Shortly after the divorce, the mother remarried.
The grandparents allege that the stepfather is not a suitable parent and is guilty of outrageous and appalling conduct toward the child.
Most of the evidence was in conflict as to the stepfather's conduct toward the child. There was testimony that the stepfather used excessive discipline and spoke offensive language in the presence of the child. There was also medical testimony from a child psychologist that the child had been treated too strictly.
There was, however, ample evidence that the child was healthy and well-adjusted and loved both his stepfather and mother. Additionally, there was other medical testimony that the child displayed normal behavior and showed no signs of abuse.
When the trial court renders its judgment after an ore tenus
hearing on a petition to modify the child custody provisions of a divorce decree, this court presumes that the trial court correctly applied its discretionary authority and adjudged the best interests of the child. We will not disturb the trial court's judgment unless it is so unsupported by the evidence as to appear plainly wrong. Lightfoot v. Bylsma, 412 So.2d 813
(Ala.Civ.App. 1982).
There is also a rule of repose applicable to a petition to modify a prior custody decree. Alford v. Alford, 368 So.2d 295
(Ala.Civ.App. 1979). In order to overcome these presumptions, the grandparents and/or the father must have presented evidence that a change in custody would "materially promote" the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
Here, the trial court heard the evidence, observed the witnesses, and based its decision apparently on these factors in arriving at its determination that the change in custody would not "materially promote" the child's best interests.
In view of the presumption favoring the trial court's finding and the primary consideration being the welfare of the child, this court cannot say that the trial court erred in failing to award custody of the child to the father or the grandparents. We particularly note the conflicting testimony regarding the child.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit.Mothershed v. Mothershed, 348 So.2d 501 (Ala.Civ.App. 1977).
The mother has asked this court to dismiss this appeal as frivolous under Rule 38, Alabama Rules of Appellate Procedure, and assess a penalty against the father and the grandparents. Clearly, this appeal is not frivolous and dismissal with penalty would not be proper.
The mother has also requested an attorney's fee for her representation on appeal. An attorney's fee of $350 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 372