This is a child custody modification case.
The parties were divorced in July 1976. One child, Melissa Renee Nicholas, was born to these parties. At the time of the divorce the mother voluntarily relinquished custody of the child to the father. In May 1984 the mother asked the trial court to modify the divorce decree by placing custody of Renee with her. The court granted this request and the father appeals.
When a trial court hears evidence ore tenus in a child custody modification case, as it did here, the appellate court clothes that judgment with a presumption of correctness and will not reverse it except for an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823
(Ala.Civ.App. 1984).
The evidence shows that when the parties were divorced the mother agreed for custody of their only child to be placed with the father. The father promptly relinquished physical possession of the child to his mother. The child remained with the paternal grandmother for about eight years. According to the grandmother, the father very seldom ever saw the child. He never took the child on weekends nor on vacations. The grandmother also testified that the father was not a fit person to have the child's custody because he did not care for the child, and he was a heavy drinker.
Although the mother had visitation privileges every other weekend, she visited the child every Saturday. The inability to visit with the child overnight was the result of a dispute with one of the father's sisters. And, the grandmother stated that the mother had visited the child nearly every Saturday since the divorce.
The evidence shows that the mother is employed and earns about $2,000 per month. She owns a three bedroom house which is about fifteen minutes from the child's school. The mother stated that the child would remain in the school she is attending if the mother is awarded custody.
The record contains evidence that the father has two married sisters living in close proximity to him at the present time who have been closely associated with the child over the years. During the last three years problems arose between the father and the sisters, and the paternal grandparents. These problems had their effect on Renee, and she was seen by a psychologist. It was the psychologist's opinion that Renee would be happier in the custody of her mother or father rather than with her *Page 529 
grandmother. The psychologist also said that Renee, who is the only grandchild and niece on her father's side, had become the center of attention for these relatives, and the object of an apparent struggle between them for her custody. This turmoil caused the child to develop emotional problems.
A marriage and family therapist, who had counselled with the father's family for about three years, testified that Renee should not be placed in the custody of the grandmother. He said that Renee is still living in the family environment which has generated a negative atmosphere for her, and that she does not usually have the opportunity to be with people her own age. The psychologist considered an association with other children to be helpful to a child's emotional development.
A parent who has voluntarily relinquished custody of a child and later attempts to regain custody bears a two-part burden of proof. First, she must prove that she is a fit parent; next, she must prove that a change in custody materially promotes the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984); Clayton v. Pair, 457 So.2d 420 (Ala.Civ.App. 1984);Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984).
The father argues that the mother is unfit to have Renee's custody. He says that the mother has been married three times and is presently living with a man out of wedlock. The mother denies having such a relationship with a man. Furthermore, the grandmother testified that the mother maintained a close relationship with Renee over the years and was a fit mother. Also, the evidence shows that Renee is happy being with her mother and that the mother is well able to provide for Renee's needs.
We believe that the evidence supports the trial court's finding that the mother is a fit person to be the custodian of her child.
Father's next contention is that awarding Renee's custody to the mother does not promote the child's best interests. Again, we disagree.
The evidence reveals that the child would be happy living with either the mother or the father. She loves both of them. But the evidence also shows that if the child remains in the custody of the father she will still be living in an adult world and she will not have the peer association she needs. Further, she will still be exposed to the family turmoil that contributed to her emotional problems. Moreover, it is undisputed that the mother has been very attentive over the years even though she did not have custody, and that the child will be happy living with her.
The evidence supports a conclusion that Renee's life would not be disrupted any more by being in the custody of the mother than by being in the custody of the father. The father had not had as much contact with the child over the years as had the mother. Moreover, the child had been removed from the grandmother's care, where she had been for eight years, by the father at about the time the mother sought the child's custody. Thus, a change from the eight year residence with the grandmother to one with the mother would be no more disruptive for the child than a change to the father's house. In fact, it should be less so, for the mother's relationship was much more meaningful than the father's relationship.
Finally, the evidence supports a conclusion that Renee needed to be in another environment. The child had developed behavioral problems due to the family atmosphere in which she had been living, and the trial court properly removed the child from this environment by placing her custody with the mother.
The evidence supports the trial court's finding that the mother is a fit person to have Renee's custody and that the child's best interests would be materially promoted by placing her custody with the mother, and its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
 *Page 121