This is a child custody modification case.
The parties were divorced in July 1979. Two children, Staci Lynn Grimwood, now eleven, and Anna Beth Grimwood, now six, were born of the marriage. The mother was granted custody of the children. In August 1983 the father successfully petitioned to modify the divorce decree, and regained custody of the children based on the mother's use of illegal drugs and her cohabitation with a member of the opposite sex. In April 1984 the mother petitioned to modify to regain custody of the children. From the denial of her petition the mother appeals. We affirm.
We note at the outset that when the trial court hears the evidence ore tenus in a child custody modification case, as it did here, we presume that the trial court was correct and reverse only for either an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984).
Also, when a noncustodial parent attempts to modify a decree granting custody to the other parent, the noncustodial parent bears the affirmative burden of proving that changing custody materially promotes the welfare and best interests of the child. Ex parte McLendon, 455 So.2d 863 (Ala. 1984); Clayton v.Pair, 457 So.2d 420 (Ala.Civ.App. 1984). The petitioning parent must show that the positive good brought about by modifying the decree more than offsets the inherently disruptive effect of uprooting the child. Clayton, supra, citing Wood v. Wood,333 So.2d 826 (Ala.Civ.App. 1976).
The mother alleges that since the father was given custody of their daughters there has been a change in the status of the parties. The mother also contends that she has stopped cohabitating illicitly, and that she has stopped using illegal drugs. She claims to have not smoked marijuana for about a year. She claims that she is in better financial condition to care for the children than their father since she is a registered nurse with investments in real estate and money market certificates and their father is a dairy farmer with a smaller income. However, it is not enough that the mother show that she "has remarried, reformed her lifestyle, and improved her financial condition." Abel v. Hadder, 404 So.2d 64
(Ala.Civ.App. 1981). Rather, she must affirmatively show that the children's best interests will be promoted by the change in custody. McLendon, supra. The trial court found that the mother had failed to prove that such a change in custody would promote the children's best interests.
The mother, however, argues that "the totality of the evidence before the trial court indicated a change of custody would materially promote the children's welfare," based on the recent change in circumstances of the father. We disagree. After his divorce from the petitioner the father remarried. His new wife had two children and received small social security payments. She was in charge of the household. She recently died. The mother contends *Page 1169 
that the children's father no longer receives the income from his new wife's social security check and cannot now meet his children's financial needs. But the evidence shows that, though his income has decreased, so have his financial obligations. Instead of feeding, clothing, and housing six, he now has to care for only three — himself and his children. And, as we stated above, the evidence tends to show that the children's financial needs are being met.
The mother asserts that the father depends on his mother, who lives nearby, to help with the children, and that she is in ill health. The paternal grandmother has diabetes and heart problems. But the evidence does not show that the grandmother, a recently retired teacher, is hindered in helping with the children. Also, the mother admitted that should she regain custody she would have to depend on nonrelative friends to help care for the children.
The mother contends that the father has exhibited bizarre behavior and is psychotic. At most, the evidence tends merely to show that the father and his deceased wife on occasion had arguments, and that the father would at times exhibit an angry reaction to a stressful situation.
Finally, the mother contends that the children prefer living with her. However, when the trial court questioned them in chambers the children did not state a preference for which parent with whom they wanted to live.
The clinical psychologist who examined both children testified that they are happy, well-adjusted, normal children and that the father apparently is being a good parent.
We find that the evidence is sufficient to support the trial court's conclusion that the children's best interests would not be materially promoted by a change in custody from the father to the mother. Therefore, we affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.