This is a child custody modification case.
The mother appeals from an order of the Circuit Court of Madison County, which found her to be in contempt of a prior custody order and transferred custody of the parties' two minor sons to the father. We affirm in part and reverse in part and remand.
The parties were divorced in January 1979. The mother was given custody of their two sons, and the father was given reasonable visitation rights. In October 1979, the divorce decree was modified to set forth specific periods of visitation for the father.
The present dispute originates from the move of the mother and her present husband with the parties' sons to California in August 1982. Because of the move, the custody provisions of the divorce decree relating to the father's visitation rights were again modified by order of January 4, 1983. The father was given specific visitation periods and specific times in which he could speak with his sons by telephone.
In January 1984, the father initiated the present action by filing a "Petition For Modification And Rule Nisi." He jointly sought to have the mother held in contempt for violating the January 4, 1983, custody order, by preventing the effective exercise of his visitation privileges, and to have custody of the two minor children transferred to him. He alleged that the mother had interfered with his attempt to maintain a father-son relationship with the sons by preventing visitation.
After an ore tenus hearing, at which a great deal of evidence was introduced and testimony was taken, the trial court agreed with the father, finding the mother to be in contempt of the prior custody order and transferring custody to the father.
On appeal the mother challenges both the trial court's holding her in contempt and its transferring custody of the children to the father. Each of these contentions is discussed below. We first find it necessary to briefly address the mother's argument that the father erred in filing his petition for modification jointly with his motion for rule nisi to hold her in contempt.
Essentially, the mother argues that, because the procedure for appeal to this court is different for each type of action, the two actions cannot be brought together. We find this argument to be wholly without merit. Under Alabama's liberal pleading rules, two such actions may be brought together as long as there is no prejudice to the opposing party. No such prejudice has been shown by the mother. The case she cites in support of her argument, Price v. Price, 442 So.2d 121
(Ala.Civ.App. 1983), is inapposite. In that case this court held that a trial court's modification of child support and alimony payments in a contempt proceeding brought by the nonresident wife violated her due process rights because she had no notice that modification would be an issue. Neither she nor the husband had filed a petition to *Page 1257 
modify. In this case the mother had full notice that modification would be an issue since the father initiated the action with a petition to modify, coupled with a motion for rule nisi.
 I
The mother argues that the evidence does not support the trial court's finding that she was in contempt of the January 4, 1983, custody order. We disagree.
The trial court entered its judgment after an ore tenus
hearing. In such a case, this court affords that judgment a presumption of correctness and will not reverse unless the evidence so fails to support the judgment that it is plainly and palpably wrong. Nicholas v. Nicholas, 464 So.2d 527
(Ala.Civ.App. 1985); Cook v. Cook, 462 So.2d 370 (Ala.Civ.App. 1984); Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984);Lightfoot v. Bylsma, 412 So.2d 813 (Ala.Civ.App. 1982).
There is ample evidence in the record which supports the trial court's conclusion that the mother was in contempt. Put another way, there is evidence that the mother deliberately interfered with the court ordered visitation rights of the father, to wit, not making the children available for summer and Christmas visitation and failing to comply with court ordered telephone "visits." We, therefore, affirm this part of the trial court's judgment.
 II
In 1984, the Alabama Supreme Court enunciated the proper standard which must be used by trial courts in determining whether to modify custody by transferring custody to the noncustodial parent. In Ex parte McLendon, 455 So.2d 863
(Ala.), on remand, McLendon v. McLendon, 455 So.2d 867
(Ala.Civ.App. 1984), the supreme court held that in a custody modification case, as the one now before the court, for custody to be transferred to the noncustodial parent, that parent must show that "changing the custody materially promotes the welfare and best interest of the child." McLendon, 455 So.2d at 866. This court has consistently applied the McLendon standard in custody modification cases. See Nicholas v. Nicholas,464 So.2d 527 (Ala.Civ.App. 1985); Cook v. Cook, 462 So.2d 370
(Ala.Civ.App. 1984); Braswell v. Braswell, 460 So.2d 1339
(Ala.Civ.App. 1984); Clayton v. Pair, 457 So.2d 420
(Ala.Civ.App. 1984). It is this standard, therefore, which must govern any decision to change custody in the present case.
It is seldom that this court will reverse a trial court which has heard a child custody case presented ore tenus. As already stated, in such instances, an appellate court presumes the trial court's judgment is correct and will not reverse unless an abuse of discretion is shown or unless the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985);Cook v. Cook, 462 So.2d 370 (Ala.Civ.App. 1984); Matter ofYoung, 456 So.2d 823; Lightfoot, 412 So.2d 813.
In the present case, we must reverse and remand the learned trial judge because the evidence introduced simply does not show that the interest and welfare of the parties' two minor sons would be materially promoted by transferring custody from the mother in California to the father in Alabama.
The evidence and testimony tended to show that both parties were loving and attentive parents and that both were loved by their two sons. The evidence tended to show that, since the two sons had moved to California, they had had little contact with extended family members in Alabama, a result which may unfortunately be inevitable when a family moves far away. The evidence also tended to show that the mother had attempted to interfere with the father's attempts to exercise his visitation rights. There was no evidence which indicated, however, that the mother's actions had adversely affected the two sons, for example, testimony that the sons now disliked their father or extended family members. In an in camera conference with the *Page 1258 
trial judge, the two sons expressed their love for both parents, as well as extended family members.
In sum, the evidence simply did not show that the actions of the mother were such that a change in custody was necessary to materially promote the children's best interest and welfare.McLendon, 455 So.2d 863. It must be remembered that the father bears the heavy burden of proving that the "positive good brought about by the modification . . . [will] more than offset the inherently disruptive effect caused by uprooting the child." Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976).See also Grimwood v. Grimwood, 465 So.2d 1167 (Ala.Civ.App. 1985); Braswell, 460 So.2d 1339.
We do not hold that the custodial parent's attempt to destroy or diminish the children's relationship with the noncustodial parent can never be a valid reason for finding it necessary to change custody. We simply find that the evidence in this case did not show that the mother had such a concerted plan or that, if she did, it was succeeding in terms of diminishing the sons' love for their father. We, therefore, reverse and remand the portion of the judgment which transferred custody to the father.
The mother's actions did violate the father's visitation rights under the custody order. The proper remedy for such a situation, however, is to punish the mother for her contempt, not to change custody of the children to the father. We have consistently held that disputes over visitation can and should be resolved by the parents. They should not be settled by changing custody of the children from one parent to another, absent other viable means. Sain v. Sain, 426 So.2d 853
(Ala.Civ.App. 1983); Pons v. Phillips, 406 So.2d 932
(Ala.Civ.App.), cert. denied, 406 So.2d 935 (Ala. 1981). Seealso Bullington v. Nichols, 450 So.2d 121 (Ala.Civ.App. 1984).
We note that the trial court in its modification order gave liberal visitation privileges to the mother. It might well be that the trial court on remand give similar type visitation privileges to the father.
In view of the above, all other issues are pretermitted.
We would also comment that both parties might well devote their energies to insuring that their two children maintain a positive relationship with both parents. For the parties to do otherwise adversely reflects on their "parenting" skills.
That portion of the trial court's judgment holding the mother in contempt is affirmed. That portion of the judgment transferring custody of the two minor sons to the father is reversed, and this cause remanded for further proceedings not inconsistent herewith.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.