This is a child custody modification case.
The father petitioned the trial court to modify the original divorce decree, which gave custody of the parties' minor child to the mother. Following an ore tenus hearing, the trial court granted the father's petition and transferred custody of the child to the father.
The mother, through able counsel, appeals. We affirm.
It is a well-established rule that, when the trial court is presented evidence ore tenus in a child custody proceeding, its determination is afforded a presumption of correctness and will not be reversed unless the evidence so fails to support the determination that it is plainly and palpably wrong or unless an abuse of the trial court's discretion is shown. Grimwood v.Grimwood, 465 So.2d 1167 (Ala.Civ.App. 1985); Nicholas v.Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985); Cook v. Cook,462 So.2d 370 (Ala.Civ.App. 1984).
In determining whether to transfer custody of the child to the father, the trial court was governed by the 1984 decision by the Alabama Supreme Court in Ex parte McLendon,455 So.2d 863 (Ala.), on remand, McLendon v. McLendon, 455 So.2d 867
(Ala.Civ.App. 1984). Under the McLendon rule, for custody to be transferred to the noncustodial parent, that parent must "show that changing the custody materially promotes the welfare and best interest of the child." McLendon, 455 So.2d at 866.
This court has consistently applied the McLendon standard in custody modification cases. See Calabrisi v. Boone,470 So.2d 1255 (Ala.Civ.App. 1985); Grimwood, 465 So.2d at 1168;Nicholas, 464 So.2d at 529; Cook, 462 So.2d at 371.
In this instance, viewing the record with the attendant presumptions, we cannot say that the determination of the trial court to *Page 1258 
transfer custody to the father was either an abuse of its discretion or was so unsupported by the evidence as to be plainly and palpably wrong.
In the original divorce decree, custody of the child was granted to the mother, conditioned, however, on the availability of the maternal grandparents' "being available at all appropriate times to help supervise the child's activities." The testimony of the mother and the maternal grandmother was that, in reality, the maternal grandmother maintained primary physical care, custody, and control over the child following the divorce. The mother is mildly mentally retarded, and there was evidence that even the maternal grandparents did not believe she was capable of caring for the child herself. In other words, there was evidence from which the trial court could find that the parent to whom it had originally granted custody was not caring for or not able to care for the child.
The evidence presented on behalf of the father showed that he was a fit person and quite capable of caring for the child. He had remarried and had his own home.
Subsequent to the father's filing the petition to modify custody, the maternal grandmother began reporting to the Department of Pensions and Security that, after a number of visits with the father, the child told her that the father and paternal grandfather had sexually abused her. Each one of these reports was investigated, and the trial court concluded that there was no competent and credible evidence of abuse. Testimony was also presented from which the trial court could reasonably conclude that the maternal grandmother had coerced or coached the child, who was approximately four or five years of age, to say that her father and paternal grandfather had abused her.
The evidence was conflicting, but it was the job of the trial court, not this court, to weigh the evidence. Based upon the evidence presented, the trial court could reasonably determine that the child's best interests would be materially promoted by transferring custody from the mother, who was not able to care for the child herself, to the father.
Put another way, the trial court could have concluded that, due to the actions of the maternal grandmother, coupled with the mother's inabilities, transfer of custody would "materially promote" the welfare of the child.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. SeeCook, 462 So.2d at 371.
Both parties have requested an attorney's fee for representation on appeal. These requests are denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
On application for rehearing, counsel for the mother argues that this court has misstated certain facts in its earlier opinion. Specifically, the mother argues that this court errs in stating, "The mother is mildly mentally retarded, and there was evidence that even the maternal grandparents did not believe she was capable of caring for the child herself."
While we do not agree with the mother's counsel that we have misstated the facts, we do concede that the above-quoted sentence from our opinion may be misleading. Accordingly, said sentence is hereby revised to read as follows: "The mother is mildly mentally retarded, and there was testimony from which the trial court could reasonably infer that even the maternal grandparents did not believe she was capable of caring for the child herself."
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1259