526 So.2d 26 (1988)
Mark Hollis CURL
v.
Vicki Jo CURL.
Civ. 6074-X.
Court of Civil Appeals of Alabama.
March 30, 1988.
Rehearing Denied May 4, 1988.
*27 V. Wylynn Gilmore-Phillippi and Patricia K. Kelley, Grove Hill, for appellant.
Dorothy Wells Littleton of Webb, Crumpton, McGregor, Sasser, Davis & Alley, Montgomery, for appellee.
HOLMES, Judge.
This is a child custody modification case.
The parents were divorced in 1984, and the mother was given custody of the parties' two minor sons. The mother subsequently moved with the children to Jackson, Mississippi, where they lived in the home of the maternal grandmother. The children regularly visited with the father.
The children spent the 1986 Christmas holidays with the father at his home in Miller's Ferry, Wilcox County, Alabama. At that time the parties agreed that the children would remain with the father during the spring school semester. The children were at that time approximately six and three years old, and the older child was in the first grade.
In March 1987, the father filed a petition to modify the custody of the children, contending that the mother had voluntarily given the children to him on December 22, 1986, that such constituted a material change in circumstances, and that it would be in the children's best interests for them to remain with him.
Following ore tenus proceedings, the trial court denied the father's petition.
The father appeals, raising several issues. The mother cross-appeals with regard to the amount of the attorney's fee awarded to her by the trial court. We affirm.

I
For the father, the noncustodial parent, to obtain custody of the children, he must show not only that he is fit to have custody, but also that the change in custody would materially promote the children's best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984); Andrews v. Andrews, 495 So.2d 688 (Ala.Civ. App.1986). His burden is such that he must show that the "positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child[ren]." Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976). See Andrews, 495 So.2d 688; Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ. App.1985).
We agree with the trial court that the father has not met the burden of proof placed upon him by McLendon and that he was, therefore, not entitled to have custody awarded to him.
The father testified that he was seeking custody because "I think it's in the best *28 interest of the kids, because we love them so much, and we are able to spend a lot of time with them...." The father's evidence demonstrated that he and his new wife can provide the children with a stable home environment and lots of love and attention.
It is not sufficient, however, under the McLendon burden of proof for the father to show that his situation has improved and that he can provide them with a good home. Andrews, 495 So.2d 688. He must show that the change in custody would materially promote the children's best interests and thus justify uprooting them from the mother's home. McLendon, 455 So.2d 863; Wood, 333 So.2d 826.
The record reflects that the mother also provided the children with a loving home. There was evidence which showed that her situation was not as "ideal" as that of the father. She has apparently been struggling to make a living and has, therefore, resided with her children in the home of her mother and stepfather. The father has made vague disparaging allegations in brief regarding the character of the maternal grandmother. The evidence, however, was not sufficient to show that the children's best interests would be promoted by uprooting them from the mother's home and placing them in the legal custody of the father.
In this regard we note that, because the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless plainly and palpably wrong or an abuse of discretion is shown. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985). The record does not reflect any plain or palpable error or abuse of discretion by the trial court in denying the father's petition to modify.
We note, however, that the father testified that the children's best interests would be promoted by awarding him custody simply "because the children have already been given to me. The mother voluntarily gave the children to me. By her own actions, she showed that their interests would be best served with us." In effect the father apparently contends that, because the mother allowed the father to retain physical custody following a period of visitation, he does not have to meet the McLendon burden of proof on a petition to modify.
We disagree. The mother did not relinquish both legal and physical custody to the father. Rather, she allowed him to retain physical custody following Christmas visitation, and there was evidence, though conflicting, that she did so upon the parties' agreement that the change in physical custody was only temporarythrough the end of the school year. The mother did not formally "give up" any of her custody rights under the divorce decree, and, therefore, the McLendon standard should apply in this case. Cf. Ex parte Couch (van Elkan), 521 So.2d 987 (Ala.1988).

II
The father also raises three evidentiary issues on appeal. He first contends that the trial court erred in refusing to allow the first grade teacher of the older son to testify as an expert as to the alleged disrupting effect removing the child from the father's home and the school would have.
Whether to allow a witness to testify as an expert is a matter largely within the discretion of the trial court, and its decision with regard thereto will not be disturbed on appeal unless an abuse of that discretion is shown. Basin Coal Co. v. Gulledge, 470 So.2d 1258 (Ala.Civ.App.1985).
We find no abuse of the trial court's discretion in this instance. The proper test to apply to determine a witness's qualification to testify as an expert is whether his knowledge of the matter in relation to which his opinion is sought is such that it will probably aid the trier of the question to determine the truth. Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972). Expertise may be acquired by professional education, observation, practice, or experience. Gulledge, 470 So.2d 1258.
The witness in the instant case was shown to hold a master's degree in elementary *29 education and to have six years' experience teaching the first grade. Although the teacher had apparently taken psychology courses in obtaining her education degrees, she was not shown to have any specialized training in psychology or in counseling children. Moreover, although the witness had had ample opportunity to observe the child as his first grade teacher, there was no evidence that she had expertise in dealing with children who change schools at the end of the school year and could offer an expert opinion regarding the same.
We find no abuse of the trial court's discretion in its refusal to allow the first grade teacher to give expert testimony.
The father also contends that the trial court erred in allowing the deposition testimony of a friend of the mother as a lay witness as to the mother's emotional stability. This matter is also entrusted to the discretion of the trial court which will not be reversed except for an abuse of that discretion. Hingle v. Sims, 26 Ala.App. 546, 163 So. 459 (1935). We find no abuse of discretion in this matter.
As the father acknowledges in brief, lay testimony as to a party's mental or emotional state may be given where the witness testifies to facts showing that he or she has had an adequate opportunity to observe the other's conduct. C. Gamble, McElroy's Alabama Evidence, § 128.01 (3d ed. 1977).
The witness testified that she had known the mother for over a year and had spent many weekends visiting in her home. We think such testimony was a sufficient premise upon which to allow her lay opinion as to the mother's emotional stability.
The father's third contention regarding evidentiary matters concerns a videotape which he attempted to show the trial court to demonstrate the father's relationship with his sons. The father contends that the trial court erred in failing to consider this evidence.
The father has failed, however, to cite any authority to this court in support of this contention, as required by Rule 28(a)(5), Alabama Rules of Appellate Procedure. We, therefore, will not address this matter. Dierkshiede v. McDowell Materials Corp., 491 So.2d 242 (Ala.Civ.App. 1986).
We would note, however, that the father's contention appears to be without merit because the videotaped evidence was not effectively placed into the evidence before the trial court. The record reflects that the trial court overruled the mother's objection to the admission of the videotape, but, when the father then attempted to play the videotape before the trial court, he was unable to do so apparently due to technical difficulties. The father did not request a continuance or ask the trial court to view the videotape at a later time.

III
The father also contends on appeal that this case should be reversed because of an alleged conflict of interest on the part of the trial judge which allegedly places her impartiality in question. See Canons of Judicial Ethics, Canon 3(C).
The father did not raise this contention in the court below, and there is nothing in the record regarding this matter. In defense of his failure to raise this issue in the trial court, the father alleges that he had no knowledge of the alleged conflict of interest until the case was already on appeal.
While we can sympathize with a party's failure to raise a conflict of interest problem in the trial court due to ignorance of the same, this court cannot reverse this case where such reversal would be based upon nothing in the record. We find this matter to be the proper subject of the separate action which is apparently pending below.

IV
The mother has cross-appealed regarding the amount of the attorney's fee awarded to her by the trial court. She contends that such fee is insufficient.
It is well established that the award of attorney fees in cases of this nature is well *30 within the discretion of the trial court. See, e.g., Hudson v. Hudson, 494 So.2d 664 (Ala.Civ.App.1986). We find no abuse of that discretion in this case.
The mother has also requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded to her.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
The mother astounds this court by filing an application for rehearing wherein she objects to this court's statement regarding the issue the father raised with regard to an alleged conflict of interest on the part of the trial court.
At best we consider the mother's objection to be a misperception of our statement. We commented only on the father's ineffective method of raising the conflict of interest issue, not on the merits of that issue.
Specifically, contrary to the mother's apparent belief, this court did not hold that the father was ignorant of the alleged conflict of interest or that his independent action in the trial court regarding the same was meritorious.
Simply stated, there is no basis for the mother's contention that this court's statements regarding the conflict of interest issue were prejudicial to her.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and INGRAM, J., concur.