HOLMES, Judge.
This is a child custody modification case.
The parties were divorced in September 1984. In accordance with the parties’ agreement, the mother was awarded custody of the parties’ only child, a daughter then two years of age.
In July 1987 the father filed a petition seeking modification of custody. At that time the child was residing with him due to the mother’s hospitalization following an attempted suicide or suicidal gesture.
Following ore tenus proceedings, the trial court modified the prior custody terms. It specifically avoided changing the permanent legal custody of the minor child. Instead, it awarded “joint legal custody to the parties, with primary physical custody to continue being vested for the time being with the [father].”
The mother appeals. We affirm.
It is a well-established rule that, for the non-custodial parent, in this case the father, to obtain custody of the parties’ child, he must show not only that he is fit to have custody, but also that the change in custody would materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984); Andrews v. Andrews, 495 So.2d 688 (Ala.Civ.App.1986). He must show that the “positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child.” Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976).
Contrary to the contentions of the mother, the judgment of the trial court clearly indicates that it applied the McLendon standard in making the custody determination in this case. Moreover, the evidence in the record supports its decision that the child’s best interests and welfare would be promoted by modifying the terms of her custody to give the parties joint custody and the father primary physical custody.
The evidence showed that, after the parties divorced in 1984, the mother remarried and moved with the child and her second husband to Nashville, Tennessee. This second marriage ended in divorce after a little over a year.
At the time of the ore tenus proceedings in this case, the mother, who was then thirty-two, had been living in Nashville with a forty-six-year-old man without benefit of marriage for approximately two years. The parties’ daughter resided in the same home. There was evidence that the mother was largely dependent financially on this man.
On July 15, 1987, while the child was in the home, the mother cut her wrist with a razor blade in an apparent attempt at suicide or as a suicidal gesture. She testified that, prior to cutting her wrist, she telephoned the father to come get the child. The mother spent approximately two weeks in the hospital receiving therapy, apparently for depression.
At the date of the ore tenus proceedings in this case, the mother was still receiving weekly therapy. A psychiatrist who had examined the mother and who appeared as an expert witness for the mother testified that he would recommend that the mother continue receiving therapy until “personality patterns are changed” which “could take six months to two years.”
We find that such evidence supports the trial court’s determination that the child’s best interests would be promoted by modifying the prior custody arrangement so that both parents would have joint legal custody and the father would have primary physical custody.
We would note that the record contains evidence which could support a different conclusion. Although most of the material evidence may have been undisputed, as the mother asserts, the inferences to be drawn from such evidence were very much disputed or in conflict. It was for the trial court sitting without a jury to weigh all the evidence and make a determination.
*1241 We, therefore, disagree with the mother’s contention on appeal that the ore ten-us rule does not apply. Under that rule, because the evidence was presented to the trial court ore terms, its custody modification decision in this case is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or an abuse of the trial court’s discretion is shown. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
As indicated above, we cannot conclude that the trial court’s decision in this case was plainly and palpably wrong or an abuse of discretion.
The mother also contends that the trial court’s judgment is due to be reversed because in reality it did not apply the McLendon standard to effect a custody modification, but, rather, based its decision on the fitness of the mother. We disagree.
As already noted, the language of the trial court in its custody modification order clearly indicates that the learned trial judge applied the McLendon standard to the circumstances before him. Moreover, the dialogue between the trial judge and counsel for the mother during the ore ten-us proceedings reveals that the trial court based its determination on the promotion of the child’s best interests, not on whether the mother was fit or unfit.
The mother contends that certain evidence recited by the trial court in its order regarding her present circumstances indicates that its decision to modify custody was in fact based upon her fitness. Again, we disagree.
The evidence recited by the trial court regarding the mother’s present circumstances, including her living conditions and her attempted suicide, were all relevant matters to be considered by the trial court in making its determination of whether a custody modification would promote the child’s best interests. The fact that such evidence may also coincidentally relate to the mother’s fitness is of no consequence.
In conclusion we would note that the trial court specifically avoided changing the permanent legal custody of the child. It simply found that, based upon the mother’s present circumstances, the child’s best interests would be promoted by making a joint custody arrangement and allowing the father to maintain primary physical custody “for the time being.”
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.