ROBERTSON, Judge.
This is a child custody modification case.
On July 28, 1986, the husband and wife were divorced and custody of the parties’ minor son was awarded to the father.
On January 8, 1988, the mother petitioned the Mobile Circuit Court for custody, alleging that since the divorce a material change in circumstances had occurred and that the child’s custody should be awarded to her.
A hearing was held on the petition in April 1990, following which the trial court entered an order removing custody from the father and granting custody to the mother.
The father appeals, asserting that the modification was without evidentiary support. Specifically, he argues that the McLendon standard for modification of child custody was not met.
It is well settled that for a custody decree to be modified the court ordered change must materially promote the welfare of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). In other words, the mother must produce evidence that shows that the inherently disruptive effect caused by uprooting the child is overcome by the positive good of the custody change. Wood v. Wood, 333 So.2d 826 (Ala.Civ.App. 1976). Thus, it is not enough that the mother in this case, “has remarried, reformed her lifestyle, and improved her financial position.” (Citations Omitted.) McLendon.
We have examined the trial court’s order modifying custody and note that it specifically found:
“[T]he best interests of this young child would be materially promoted by removing him from the care, custody and control of the [father] and giving him to the care, custody and control of the [mother]; and that the material benefits of this change would greatly outweigh any disruptive tendencies such a move might engender.”
In short, the court applied the correct legal standard, and, since the court’s judgment was based on evidence presented ore tenus, we will not reverse unless we determine the judgment, to be plainly and palpably wrong. Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App.1985).
However, the McLendon burden is a heavy one, and our review of the record reveals that the evidence presented fails to meet burden imposed by McLendon. Although the mother was receiving psychiatric care in a hospital at the time of the original decree and has since been released, her improved situation is not enough to warrant a custody change. McLendon. Further, much of the evidence cited by the trial court in its order modifying custody is evidence that would have been known to the court at the time of the first custody decree. Thus, these are not changed circumstances.
Simply put, the evidence fails to meet the heavy burden imposed by McLendon, and, we, therefore, find the judgment of the *1355 trial court is plainly and palpably wrong and is due to be reversed and the cause remanded for a judgment consistent with this opinion.
Both parties’ request for an attorneys fee on appeal are denied.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J„ concur.