ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court found the father to be in contempt of court regarding the mother’s visitation rights, changed custody of the minor child from the father to the mother, and awarded child support and attorney fees to the mother.
The father appeals, contending, in the main, that the trial court erred in changing custody of the child to the mother because, he says, the mother failed to meet the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984). We agree.
The parties were divorced in September 1987, and, by agreement of the parties, custody of the minor child was awarded to the father. In March 1990, the father informed the mother by letter that he intended to move from Madison County, Alabama, back to his homeland in Nassau, Bahamas. On May 9, 1990, the mother filed the present petition for custody.
The mother testified that, since the father has moved to Nassau, she has been denied telephone access to the child on several occasions. Further, the mother stated that she has been denied visitation with the child. She also stated that she is not able to take time off from work in order to visit with the child for an extended length of time but that she could go to Nassau for a weekend.
The mother contends that she is a fit person to have custody of the minor child and that the father was not fit to have custody. She testified that she resided in a home with her present husband and that she had made arrangements for someone to babysit the child while she was at work. She also stated that she had a very stable and family-oriented life.
The mother testified that she did not believe that the child was living in a good environment in the father’s care. She believed that the father was mistreating the child and was not raising him correctly. The mother testified that she believed that the father’s living arrangements were unstable. She further testified that she wanted custody of the child because she wanted the child and wanted to raise him and to control visitation better. However, we note that the mother did not present any evidence to support any of her beliefs concerning the child’s environment or well-being.
The proper standard in Alabama, which must be used by trial courts in determining whether to modify custody by transferring custody to the noncustodial parent, was set out in McLendon. For custody to be transferred to the noncustodial parent, that parent must show that “changing the custody materially promotes the welfare and best interests of the child.” McLendon, at 866. This is a very stringent standard, and the noncustodial parent bears a heavy burden of proving that the positive good brought about by the modification will more than offset the inherently disruptive effect caused by uprooting the child. McLendon. This standard must govern any decision to change custody such as in the instant case.
It is seldom that this court will reverse a trial court in child custody cases. Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985). Appellate courts presume that the trial court’s judgment is correct and will not reverse unless an abuse of discretion is shown or unless the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Calabrisi.
However, in the present case, we must reverse and remand because the evidence introduced simply does not show that the interest and welfare of the child would be materially promoted by transferring custody from the father in Nassau to the mother in Alabama. There was no evidence that the disruptive effect caused by *374 uprooting the child from a parent that he has lived with for a majority of his five years of life would be offset by any positive good brought about by the change in custody. The mother did not introduce any evidence concerning where the child was residing or how he was doing physically or emotionally. She did not put forth any evidence concerning the father, his lifestyle, or his treatment of the child. Rather, the mother only testified that she “believed” certain things, that she had remarried and could provide a good home for the child, and that her visitation rights had been adversely affected.
As concerns visitation, it does appear that the mother has not seen her son since the father moved to Nassau. However, the evidence simply does not show that the father’s move back to his homeland was a contemptuous act or that he was attempting to destroy or diminish the child’s relationship with the mother. We have consistently held that disputes over visitation can and should be resolved by the parents. They should not be settled by changing custody of the child from one parent to another, absent other viable means. Calabrisi.
In view of the above, this case is due to be reversed and remanded with instruction to the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.