L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1986 by decree of a court in Florida. The custody of their child was given to the father. Visitation rights were given to the mother. The father is in the U.S. Air Force and was stationed in Germany at the time this petition for contempt and change of custody was filed in Jackson County, Alabama.
The petition alleged violation of the Florida decree by the father in the matter of visitation. It also sought a change of custody of the child (a son now eight years of age) from the father to the mother. The Circuit Court of Jackson County heard the petition and denied the relief requested in both aspects. We have considered the trial record and the respective briefs on appeal. We find no basis for the contended error presented.
*672 The issue of contempt of court by the father for failure to allow visitation of the child with the mother was satisfactorily explained to the trial court. We find no basis for determining otherwise. Whether there has been a contempt is a matter of fact for the trial court and whether punishment is warranted lies within the discretion of that court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991).
The issue of whether there should be a change of custody of the child is also a matter for the judicial discretion of the trial judge. This court is not empowered to disturb that decision without compelling evidence that the decision is unfair, unjust, and contrary to the best interests of the child. Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985).
In this case our review of the judgment of the trial court is also subject to the limitations established by our supreme court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The evidence presented falls far short of the burden placed upon the petitioner by McLen-don. We perceive no useful need to relate the evidence presented in the trial court.
The judgment below is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.