THOMAS, Judge.
Tiffany Nicole Wood (“the mother”) appeals from the judgment of the Chambers Circuit Court granting the petition to modify custody of the parties’ minor daughter (“the child”) filed by Johnny L. Wood (“the father”). We reverse and remand.

*910
Facts and Procedural History

In September 2000 the mother and the father divorced. The judgment of divorce stated, with respect to custody of the child, “[t]hat the parties shall share joint custody of said minor child ... with primary residence being with the mother.” The judgment of divorce also incorporated a settlement agreement entered into by the parties. The settlement agreement stated that the father would have visitation, among other times, on “[the father’s] days off from work.” At the time the parties divorced, the father’s work schedule required him to work four days on followed by four days off. In 2007, the father’s work schedule changed to Monday through Friday, with weekends off. After the father’s work schedule changed, the parties agreed to change the visitation schedule to allow the child to live one week with the mother followed by one week with the father. The father testified that the mother had voluntarily entered into the agreement to change the visitation schedule. The mother admitted that she had agreed to the change; however, she stated that she had agreed only because she had been intimidated by the father. The change in the visitation schedule was not reduced to writing, and the parties did not file in' the trial court a petition to modify the visitation schedule from the schedule expressed in the judgment of divorce.
On February 19, 2008, the father petitioned the trial court for a modification of custody, requesting that the trial court grant him primary physical custody of the child and that it grant the mother standard visitation. On April 14, 2008, the mother answered the father’s petition and petitioned the trial court for a rule nisi and a modification of the visitation provisions of the judgment of divorce. The mother requested that the trial court (1) hold the father in contempt for failure to pay child support, (2) increase the amount of the father’s child-support obligation, (3) grant the mother sole legal custody of the child, and (4) modify the father’s visitation schedule.
After the father filed his petition for modification, the mother reduced the father’s visitation to only that allowed by the juclgnent of divorce. In response, the father moved the trial court for a pendente lite order, requesting that the court grant the father visitation on alternating weeks until the court issued its final order on the father’s petition for modification; the trial court granted the father’s motion. 'The trial court also ordered the father to continue to pay child support according to the terms of the judgment of divorce.
On August 26, 2008, the trial court held a hearing and heard ore tenus evidence. The trial court entered a final judgment on October 16, 2008, in which it awarded custody of the child to the father and granted the mother visitation, ordered the mother to pay child support in the amount of $226.28 per month, found the father in contempt for failure to pay $23,860 in past-due child support and ordered the father to pay the arrearage at a rate of $226.28 pei[1] month. On October 16, 2008, the mother filed a motion for a new trial, which the trial court denied on October 21, 2008. The mother timely appealed to this court.

Issues

The mother raises three issues on appeal: (1) whether the trial court applied the correct custody-modification standard; (2) whether the trial court’s judgment granting the father’s petition to modify custody was supported by sufficient evidence; and (3) whether the trial court erred when it determined the amount and method of payment of the father’s child-support arrearage.

*911
Standard of Review

“This court’s standard of review in custody matters when the evidence is presented ore tenus is limited. Alexander v. Alexander, 625 So.2d 433, 434 (Ala.Civ.App.1993).
“ ‘Modification of child custody is a matter which falls within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). A trial court is afforded great discretion when determining matters of child custody. Its judgment is presumed correct and will not be disturbed on appeal absent an abuse of discretion or where it is shown to be plainly and palpably wrong. Benton v. Benton, 520 So.2d 534 (Ala.Civ.App.1988).’
“Id.”
AM. v. J.S., [Ms. 2071213, June 05, 2009] (Ala.Civ.App.2009). * However, the question of whether the trial court applied the proper custody-modification standard is a question of law; thus, our review on that question is de novo. Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994).

Analysis

The mother first argues that the trial court’s judgment should be reversed because, she argues, it is unclear whether the trial court applied the proper custody-modification standard. The divorce judgement granted the parties “joint custody of said minor child ... with primary residence being with the [mother].” Thus, the divorce judgment granted the mother primary physical custody of the child. A noncustodial parent seeking a modification of custody must meet the standard established in Ex parte McLendon, 455 So.2d 863 (Ala.1984).
“[The Alabama Supreme Court’s] decision in Ex parte McLendon provides that a party seeking a change in custody must show that the change ‘will materially promote [the] child’s welfare.’ 455 So.2d at 865. The McLendon standard is a ‘rule of repose,’ meant to minimize disruptive changes of custody because this Court presumes that stability is inherently more beneficial to a child than disruption. Ex parte McLendon, 455 So.2d at 865. It is founded on the longstanding principle that ‘[i]t is the court’s duty to scrupulously guard and protect the interests of children. And in the context of child-custody proceedings, the dominant consideration is always the best interest of the child.’ Ex parte Fann, 810 So.2d 631, 638 (Ala.2001).”
Ex parte Cleghorn, 993 So.2d 462, 468 (Ala.2008).
“ ‘ ... The [McLendon standard] requires that the party seeking modification prove to the court’s satisfaction that material changes affecting the child’s welfare since the most recent decree demonstrate that custody should be disturbed to promote the child’s best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child.’ ”
Ex parte McLendon, 455 So.2d at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)).
The father argues that the burden of proof fell not on him, but on the mother, because, he says, the mother voluntarily transferred custody of the child to him. The father cites Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App.1985), in support of his argument. Nicholas, however, is dis *912 tinguishable from this case. In Nicholas, the wife voluntarily agreed at the time of the parties’ divorce that custody of their child would be placed with the husband. The husband then transferred custody of the child to the child’s paternal grandmother. Eight years later, the wife petitioned to regain custody of the child. This court stated:
“A parent who has voluntarily relinquished custody of a child and later attempts to regain custody bears a two-part burden of proof. First, she must prove that she is a fit parent; next, she must prove that a change in custody materially promotes the child’s best interests.”
Nicholas, 464 So.2d at 529 (citing Ex parte McLendon, supra; Clayton v. Pair, 457 So.2d 420 (Ala.Civ.App.1984); and In re Young, 456 So.2d 823 (Ala.Civ.App.1984)). In this case, the divorce judgment granted the father visitation, among other times, on his days off from work. At that time, the father worked a four-days-on, four-days-off schedule. Later, the father’s work schedule changed to Monday through Friday, with weekends off. After the change in the father’s work schedule, the mother and the father agreed to a visitation schedule that allowed the child to alternate weeks living with each parent. That agreement is hardly indicative of the mother’s voluntarily relinquishing custody of the child. Therefore, the burden of proof in this case was on the father, and not on the mother, to show that a modification of custody met the McLendon standard.
The trial court’s judgment and the record are silent as to what standard the trial court applied in granting the father’s petition to modify custody. Because we cannot discern the standard applied by the trial court, we reverse the trial court’s judgment and remand the cause for the trial court to consider the evidence in light of the McLendon standard.[1] M.B. v. S.B., 12 So.3d 1217, 1219 (Ala.Civ.App.2009); Richardson v. Fotheringham, 950 So.2d 339, 342 (Ala.Civ.App.2006); and C.A.M. v. B.G.H., 869 So.2d 507, 508 (Ala.Civ.App.2003).[2]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., dissents, with writing.

 Note from the reporter of decisions: On August 7, 2009, the Alabama Court of Civil Appeals withdrew the June 5, 2009, opinion in A.M. and substituted another one. The substituted opinion contains the same quoted material.

. In Ex parle Fann, 810 So.2d 631, 636 (Ala.2001), the Alabama Supreme Court reiterated the well-established principle of Alabama law that, " '[w]here a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.' ” (Quoting Lemon v. Golf Terrace Owners Ass’n, 611 So.2d 263, 265 (Ala.1992).) However, the determination of what standard should be applied by the trial court is a legal determination, not a finding of fact. As such, it is afforded no such presumption.

. Because we reverse the trial court's judgment and remand the cause for the trial court to consider the evidence in light of the McLen-don standard, we pretermit discussion of the remaining issues the mother raises in her appeal.