This is a child custody case.
The parties to this proceeding were divorced in 1975 and the custody of the only child of the marriage, Rebecca Lee Sherrod, was awarded to the father pursuant to an agreement between the parties. About two years later, Helen S. Sherrod, the appellant, filed a petition seeking to have the child removed from her father's custody and placed in her (appellant's) custody. After a hearing the Circuit Court of Colbert County issued an order denying appellant's request, and from that order Helen Sherrod appeals.
The facts show that when the parties were divorced the father was given custody and the mother was given visitation from Friday afternoon to Saturday afternoon every other weekend; she also received custody of the child for two months each summer. During the summer visitation with the mother, the father was given the same visiting privileges as the mother exercised during the remainder of the year.
In April 1977 the father, appellee here, remarried. His new wife has two children ages twelve and ten years by a previous marriage. Appellee's wife is a school teacher and teaches in a Head Start program.
The new Mrs. Sherrod testified that the family routine is for everyone to arise about six a.m., dress, eat breakfast and go to work and school. All three of the children attend the same school, i.e. Forrest Hills School. She said that she takes the children to school each morning and they walk home in the afternoon. The school is located about three to four blocks from the family's house. She and the children arrive at the house in the afternoon at about three o'clock. Sometimes she is a few minutes late in arriving. The children do their homework in the afternoons; later the family eats supper and the children then have some play time before going to bed.
The appellee, a postal letter carrier, stated that the family got along well together; that the children each had their own room; that Rebecca did well in school — all A's; that the family were regular churchgoers; and that he and his new wife loved Rebecca and wanted her to live in their house and be a part of their new family.
In reply, appellant says that Rebecca is unhappy in her father's house. Appellant also maintains that Rebecca does not get along well with her new mother or her new brother and sister, and that she (Rebecca) wants to live with appellant.
It is axiomatic that the party seeking a modification of a child custody decree has the burden of alleging and proving that a material change in circumstances has occurred since the original child custody *Page 19 
award. Rogers v. Rogers, Ala.Civ.App., 345 So.2d 1368 (1977);Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, cert. den.294 Ala. 757, 316 So.2d 214 (1975); Wilson v. Wilson, 53 Ala. App. 201,298 So.2d 622 (1973), cert. den. 292 Ala. 761,298 So.2d 627 (1974).
The remarriage of one or both of the parties is not in and of itself such a material change of circumstances as to justify modification, but it is nevertheless a factor to be considered by the trial court. Raines v. Baucom, 270 Ala. 706,121 So.2d 870 (1960); Taylor v. Taylor, 359 So.2d 395 (Ala.Civ.App. 1978). Likewise, the wishes of a minor child to live with one parent as opposed to living with the other parent is not controlling in custody modification cases although such wishes must be given consideration by the court. Stilwell v. Stilwell, Ala.Civ.App., 357 So.2d 355 (1978); Taylor v. Taylor, supra.
The trial court in reaching a determination on whether these and other factors justify a modification of custody must consider and weigh them with the principle always in mind that the best interests and welfare of the child are of paramount importance. Rowe v. Rowe, 45 Ala. App. 367, 231 So.2d 144
(1970). And we will not disturb the conclusion ultimately reached by the court in a child custody matter unless that conclusion is plainly and palpably erroneous.
After a careful examination of all the evidence in the record before us, we are unable to say that the trial court erred in concluding that the appellant failed to show a sufficient change of circumstances such as would warrant a modification of the original child custody decree. Nor can we say that the court's decision ignored the welfare and best interests of the child. Therefore, we must affirm the trial court's order.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.