371 So.2d 1068 (1979)
Arlene OSTERYOUNG and Lloyd Osteryoung, Appellants,
v.
Karen LEIBOWITZ and Burton Leibowitz, Appellees.
No. 78-1911.
District Court of Appeal of Florida, Third District.
June 5, 1979.
Rehearing Denied July 5, 1979.
Engel, Aronson, Fried & Cohen and Robert C. Hill, Miami, for appellants.
Pallot, Stern & Pollack, Miami, for appellees.
*1069 Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Judge.
Arlene Osteryoung and Lloyd Osteryoung appeal from an order dismissing their cause of action with prejudice.
The appellants are the grandparents of the minor child of the respondents, Karen and Burton Leibowitz. They filed an independent action requesting that the trial court award them visitation rights to the minor child, and contending that they were arbitrarily deprived of these visitation rights because of the personal animosity of the respondents. They contended that an independent civil action by grandparents to achieve visitation rights to their grandchildren was now authorized by Chapter 78-5, Laws of Florida (1978), which provides as follows:
"The Court shall award custody and visitation rights of minor children of the parties as a part of proceedings of dissolution of marriage in accordance with the best interests of the child and in accordance with the Uniform Custody Jurisdiction Act. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody. The Court may award the grandparents visitation rights of minor children if it is deemed by the court to be in the child's best interest. Nothing in this Section shall be construed to require that grandparents be made parties or given notice of dissolution pleadings or proceedings, nor shall such grandparents have legal standing as `contestants' as defined in s. 61.1306, Florida Statutes. No court shall order that a child be kept within the state or jurisdiction of the court solely for the purpose of permitting visitation for the grandparents." [emphasis added]
This section is codified Section 61.13(2)(b), Florida Statutes (1978).
We affirm the action of the trial court. Prior to the enactment of Chapter 78-5, supra, grandparents had no right to custody of children. State v. Reeves, 97 So.2d 18 (Fla. 1957); Besade v. Besade, 312 So.2d 484 (Fla. 3d DCA 1975). All the statute authorized was a granting of visitation rights to grandparents in the best interests of the children in the event of a dissolution proceeding. There is no dissolution proceeding pending between the Leibowitz' which would bring this statute into play.
Therefore, the final judgment under review be and the same is hereby affirmed.
Affirmed.