This is a child custody modification case.
The parties were divorced in 1982. The mother was granted custody of the parties' two children, Jacqueline Loehmann Smith, now twelve, and Glen Franklin Smith, now ten. In August 1984 the father filed a petition to modify the divorce decree to allow him to have custody of the children. From the denial of this petition the father appeals. We affirm.
The law relevant to petitions to change custody of children between parents is well settled: when a noncustodial parent attempts to modify a decree granting custody to the other parent, the noncustodial parent must bear the affirmative burden of proving that a change in custody materially promotes the welfare and the best interests of the children. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984); Clayton v. Pair,457 So.2d 420 (Ala.Civ.App. 1984). The noncustodial parent can show this under the changed circumstances doctrine by proving that material changes affecting the children's welfare have come about since the most recent decree, and that the positive good that would be brought about by changing custody materially promotes the children's best interests since it more than offsets the inherently disruptive effect of uprooting the children from their present environment. McClendon, supra. Seealso, Clayton, supra, citing Wood v. Wood, 333 So.2d 826
(Ala.Civ.App. 1976). This is a rule of repose which condemns frequent disruptions in the lives of the children, whose welfare is paramount. McLendon, supra, citing Wood v. Wood,supra.
We also note that when a trial court sees and hears the evidence, as here, its conclusions are presumptively correct and subject to reversal only for either an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823
(Ala.Civ.App. 1984); Mathews v. Mathews, 428 So.2d 51
(Ala.Civ.App. 1982).
The father contends that since the mother has taken custody of their children there has been a change in circumstances such that the daughters should be uprooted and placed with him. We disagree.
The father contends that the mother has neglected their children in that she has left them alone at night while she worked or dated, as well as during the day while they were ill. The mother testified that when she is not with the children at night either her parents or a babysitter was with them. She stated that when she was working and not able to meet the children when they got home from school her parents took turns either staying at her house with them or taking them to the grandparents' house. Once when she had to take Glen home from school due to illness she left him alone part of the day but had her parents drop by and check on him.
The father testified that the mother refuses to take the children to church. The mother testified that she takes the children to church when she can but that she is currently working on Saturday and Sunday and is therefore unable to accompany them.
The father contends that the children would be better off in the Pinson school system they were in before the divorce than in the Montgomery schools they now attend. He asserts that they are not doing well in school and have a record of absenteeism. However, the record reflects that the children are making better grades in Montgomery than they did in Pinson and that their absenteeism has been minimal and due in part to illness.
The father next contends that he has experienced friction in attempting to exercise *Page 1254 
his visitation rights. We have long held that problems with exercising visitation rights are better worked out at the trial court level and that this is generally not enough to justify changing custody absent other compelling reasons. Sain v. Sain,426 So.2d 853 (Ala.Civ.App. 1983); Pons v. Phillips,406 So.2d 932 (Ala.Civ.App.), cert. denied, 406 So.2d 935 (Ala. 1981). We also note that on at least two occasions the mother has allowed the father visitation beyond that stated in the decree.
The children both assert that they would rather live with their father than their mother since they miss their friends in Pinson, they get along better with their father, they believe they would get to go to church more often, and they believe they will be watched more closely. The wishes of the children must be considered by the trial court and weighed with their best interests always in mind, but their wishes are not determinative. Sanders v. Sanders, 435 So.2d 123 (Ala.Civ.App. 1983); Sherrod v. Sherrod, 361 So.2d 17 (Ala.Civ.App. 1978).
Expert testimony of a psychiatrist was that the children were in good mental condition, mentally and emotionally stable, and free of psychiatric diseases. He concluded that he could not say which parent the children would be better off with, though he testified that he believed they would be better off in the Pinson school system.
After a careful review of the evidence, we cannot say that the trial court abused its discretion in refusing to award custody of the children to the father.
The father argues, however, that he should have been awarded custody of the children as a matter of law. He says that he presented a prima facie case in his case-in-chief and the mother failed to put on any evidence to rebut his case. The father relies on Lavett v. Lavett, 414 So.2d 907 (Ala. 1982), wherein the supreme court said:
 "Prima facie evidence may be defined as evidence which suffices for proof of a particular fact until the fact is contradicted by other evidence. Tittle v. State, 252 Ala. 377, 41 So.2d 295 (1949). Prima facie evidence is the quantum of evidence necessary to prevent an action from being dismissed for failure to state a claim."
In the case at bar there was contradictory evidence introduced as a result of the cross examination of some of the witnesses, which presented a factual issue for the trial court to resolve. Therefore, the husband was not entitled to a judgment as a matter of law.
Finally, the father contends the amount awarded to the mother for attorney's fees is excessive. He says that the only evidence in the record relating to the value of the services of the mother's attorneys is that of an expert witness who testified that those services were reasonably worth $3,000. The husband then argues that when the $2,500 awarded by the court as attorney's fees is added to the $1,500 the mother had paid her attorneys prior to trial the total amount of attorney's fees received by the mother's attorneys exceeds the value of their services as reflected by the evidence.
We have said many times that the award of attorney's fees in a child custody case rests within the sound discretion of the trial court and its award will not be set aside except for an abuse of that discretion. 8 Ala. Digest, Divorce Key Nos. 221, 223 (1959).
In determining whether an award of attorney's fees in a divorce case was excessive, we held in Robinson v. Robinson,381 So.2d 637 (Ala.Civ.App. 1980), that the trial court could, in addition to the evidence of the value of the time spent by wife's attorneys on the case, rely on its own knowledge of the value of attorney's services in fixing a fee. Consequently, when the case sub judice is examined in the context of the proposition enunciated in Robinson, we cannot say that the trial court abused its discretion in the amount of attorney's fee awarded to the mother.
The father also complains that the mother did not need two attorneys to represent *Page 1255 
her. He says that one attorney could have adequately represented the mother.
Again, we would conclude that the value of the services of the mother's legal counsel in child custody cases is a matter to be resolved by the trial court, whether there is one attorney or a battery of attorneys representing her.
In arriving at an award of attorney's fee, the court may take into consideration such factors as the labor and skill involved, results of the litigation, and the earning capacities of the parties. Jernigan v. Jernigan, 344 So.2d 778
(Ala.Civ.App. 1977). Viewed in this light, we do not find that the trial court abused its discretion in the attorney's fee award to the mother.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.