This is a post-divorce child custody case.
When the parties were divorced in 1979, the mother was granted custody of the three minor children. On June 23, 1981 a judgment was entered pursuant to an agreement of the parties whereby the father was granted custody of their daughter and the mother retained custody of their two sons. The father filed a petition to modify on December 10, 1982. He sought the custody of the two boys therein and he was granted their temporary custody on that date. After much testimony was heard by the trial court, a judgment was rendered on August 26, 1983, which placed the custody of the two boys in the father. The mother's motion for a rehearing upon three alleged grounds was granted after the trial court first heard additional evidence thereon. Also, further evidence was again heard by the trial court upon the merits of the case on March 23, 1984 and it was stipulated or agreed by the parties that, in addition to that testimony, the matter would be submitted to the trial court for a final judgment upon all testimony which had been previously taken in the case. The trial court's judgment of June 1, 1984 again granted custody of the boys to the father. It further provided for visitation by the mother with them provided she posts a bond of $2,000 conditioned that she will adhere to the terms of that judgment. After her motion for a new trial was overruled, the mother duly appealed and now presents three issues for our determination.
 I
The mother objected to the original testimony of the father's witness, Mrs. Hernandez, upon the ground that her testimony pertained to events which occurred between the time of the divorce and the first modification judgment of June 23, 1981. That modification judgment was rendered by the consent and agreement of the parties. Thus, the facts as testified to by Mrs. Hernandez were facts which apparently were not disclosed to the trial court prior to the June 23, 1981 modification judgment since the parties agreed to the *Page 1084 
child custody provisions therein established. It was proper for the trial court to consider those matters in the present custody litigation since neither the silence of the parties in the proceedings leading up to the June 23, 1981 judgment nor any agreement entered into by them could have prevented the trial court from looking after the best interests of the children. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797
(1965). Although her testimony related to events, facts, and circumstances which occurred after the divorce and before the June 1981 judgment, that testimony could properly be considered. Anonymous v. Anonymous, supra. The trial court correctly overruled the mother's objection to the admission of the testimony of Mrs. Hernandez.
 II
The mother contends that the trial court abused its discretion in granting the custody of the two sons to the father.
After Mrs. Hernandez had originally testified and the trial court had rendered its August 1983 judgment, Mrs. Hernandez testified for the second time. It concerned the mother's first motion for a rehearing. On that second occasion, she recanted some of her original testimony and softened the effect of other portions of it. Her testimony at both hearings was a portion of the evidence to be considered by the trial court in reaching a decision in the case under the effect of the stipulation of the parties made on March 23, 1984. It was peculiarly within the province of the trial court to determine which of her evidence on either occasion was the truth and which was untrue. If her original testimony was finally believed by the trial court, the evidence overwhelmingly supported the June 1984 final judgment. We have read the three hundred and forty-nine pages of trial testimony. It would not add to precedent or be of benefit to the parties or to the children for us to summarize the facts. It suffices to note that, even if all of Mrs. Hernandez's testimony was rejected by the trial court, the evidence from the parties and other witnesses was sufficiently supportive of the June 1984 judgment. Since this was an ore tenus matter, the factual holding of the trial court in awarding the boys' custody to the father is presumed to be correct and we are not authorized to alter it, for the judgment was supported by the evidence and, consequently, was not palpably wrong. Steward v.Steward, 464 So.2d 525 (Ala.Civ.App. 1985). Custody of children may be modified within the sound judicial discretion of the trial court. Davis v. Davis, 451 So.2d 316 (Ala.Civ.App. 1984). We find no abuse of discretion here.
In short, the evidence, if believed, was adequate to prove that the change of the custody of the boys from the mother to the father would materially promote the sons' best interests and welfare. It overcame any disruptive effect caused by uprooting them. Ex parte McClendon, 455 So.2d 863 (Ala. 1984).
 III
The mother's last contention is that the trial court erred in requiring her to post the $2,000 bond. She testified that she has thought about moving and, in that connection, she further swore that she has stated to others that, if the father was permitted to keep the boys, she would take them and "run" with them. Here again, we look to the sound discretion of the trial court. The requirement of the posting of a bond is sometimes prudent and wise. Harrison v. Harrison, 279 Ala. 675,189 So.2d 471 (1966); Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561 (1946). In view of the mother's own testimony, we cannot see any abuse of discretion in requiring the bond to be posted by her as a predicate to the exercise of her visitation rights.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code *Page 1085 
1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.