HOLMES, Judge.
This is a child custody modification case.
After an ore terms hearing, the trial court changed the custody of a minor child from the mother to the father.
The mother appeals and we affirm.
The dispositive issue on appeal is whether the evidence supports the trial court’s action in modifying or changing custody. The mother also raises an issue regarding the trial court’s allowing certain testimony to be admitted into evidence.
Viewing the record with the attendant presumptions of correctness accorded the trial court, we find the following:
The mother and father were divorced in January of 1984. The custody of their minor child was placed with the mother. The child is now approximately twelve years of age.
At the time of the divorce, the mother was recuperating from brain surgery. She continues to be under the care of a physician and to take medication for her condition.
There was some evidence indicating that the mother had attempted suicide in May of 1984. The Department of Pensions and Security had recommended counseling for both the mother and minor child to help them better cope with the problems that they were experiencing. After initially attending the free counseling sessions, the mother and child discontinued their attendance.
There was testimony indicating that the child suffered from anxiety and concern for her mother and had assumed a great deal of responsibility around the home. The child’s grades were very poor, having shown little if any improvement since her parents’ divorce.
Since the divorce, the father has remarried and now lives in Waynesboro, Georgia, with his new wife and stepdaughter. The child visits the father every available weekend and enjoys a good relationship with both her stepmother and stepsister, who is approximately the same age. There was testimony which indicated that, if custody were to be changed to the father, the child would receive attention from her stepmother at all times. The child, who has experienced grade difficulty, would be in a household where she could receive help from her father and stepmother, who has three and *1281 one-half years of college. The child’s stepsister consistently makes good grades in school.
We would note at the outset that it is well settled that in a custody modification case, as the one now before this court, for custody to be transferred to the noncustodial parent, that parent must show that changing the custody materially promotes the welfare and best interest of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). This court has consistently applied the McLendon standard in custody modification cases. See Hughston v. Ivey, 479 So.2d 1277 (Ala.Civ.App.1985); Keeton v. Keeton, 472 So.2d 1082 (Ala.Civ.App.1985); Smith v. Smith, 470 So.2d 1252 (Ala.Civ.App.1985); Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985); Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985). This standard must govern any decision to change custody in the present case.
The facts, as indicated above, to wit, the child’s anxiety, etc., her school work, the mother’s “problems,” and the father’s situation, clearly indicate that the trial court’s action is in conformity with the standard as set forth in McLendon and its progeny. Put another way, the evidence amply supports the trial court’s decision because the change in custody materially promotes the welfare and best interest of the child.
In addition to the above, as indicated, the mother contends that the trial court erred in allowing certain testimony from a social worker to be admitted into evidence. The mother contends that the elicited testimony was hearsay.
The questioned testimony related to a conversation between the social worker and mother in which an attempted suicide by the mother was discussed.
In this instance, it is not clear to this court that an appropriate objection was made to the complained of testimony. See Ala.Digest, Appeal and Error, Key No. 181.
Furthermore, if the testimony were hearsay, it may well fall within the parameters of the “admission” exception to the hearsay rule. See Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788 (1942).
Additionally, the social worker’s testimony might well be viewed as admissible as an oral report of the Department of Pensions and Security. Murphy v. Quinn, 402 So.2d 1033 (Ala.Civ.App.1981).
Additionally, even if we accept the mother’s contention that such evidence is hearsay, which we do not, it nonetheless would be “harmless error.” Rule 45, Alabama Rules of Appellate Procedure.
This is true in this instance because other evidence amply supports the trial court’s action. As noted earlier, there was evidence indicating the anxiety and concern that the minor child was experiencing as a result of her mother’s physical and mental condition, the failure to follow through with counseling, and the added burden placed on the child as a consequence of the mother’s condition.
In view of the above, we find no reversible error in the trial court’s action regarding the social worker’s testimony. Rule 45, A.R.A.P.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.