This is a child custody modification case.
The Jefferson County Circuit Court, after an ore tenus
hearing, denied the father's petition for modification of custody. The father appeals and we reverse.
Viewing the record with the attendant presumptions, we find the following pertinent facts are revealed:
The parties were divorced in July of 1982. Custody of the couple's two minor children, who were ages five and seven at the time of the divorce, was awarded to the mother.
The mother has since remarried and maintains a home in Coosa County near Clanton. There was considerable evidence surrounding the activities and events that occurred on a regular basis at the mother's home.
The evidence revealed that the mother had grown and kept marijuana at her home. Testimony showed that marijuana was regularly used at the frequent parties hosted by the mother. In addition, the mother was shown to be a regular user of marijuana and had provided marijuana to guests at her home. The use of marijuana by the mother and her guests was often in the presence of the children.
The parties held at the mother's home always involved the heavy consumption of alcohol and use of marijuana. The children were present at these parties unless away visiting their father. The children were also exposed to a great deal of intoxication and obscene language at these parties.
The record discloses that the mother's present husband is a heavy "drinker" and has undergone treatment for this condition. This drinking problem has resulted in the husband's being involved in several violent altercations, one in which he was stabbed.
The evidence showed that the neighborhood in which the children currently live lacks children of any age with which they can form friendships. A child psychologist testified that the children were in need of relationships with other children their own age. It was shown that the children enjoy visits with their father, in part, because of the children in the neighborhood with whom they have formed friendships.
Further, it was shown that, while in the custody of their mother, the children had experienced an unusually high number of absences and incidents of tardiness. It was also revealed that the minor son had experienced grade difficulty although evaluations placed him at above average intelligence. These academic problems were traced in large part to poor supervision received at home.
The father is a fire medic with the Birmingham Fire Department. He presently lives with his parents although he has plans to construct a home within several hundred yards of his parents. He enjoys a good relationship with his children and was active with his children's school activities when they lived in Birmingham. He testified that, if custody were changed, his mother and father would help him care for the children. The father's parents testified that they were both willing and able to help care for their grandchildren.
On appeal the father raises several arguments. However, for purposes of this appeal we find it necessary to consider only the father's contention that the trial court *Page 1103 
abused its discretion by refusing to modify the custody of the children in question. We agree.
We note at the outset that the mother has not favored us with a brief in support of her continued custody.
First, it is important to note the rule of law that governs all child custody cases in Alabama. In order for custody to be changed to the noncustodial parent, he must show that he is fit and that the change in custody "materially promotes" the child's best interest and welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984). This standard has been consistently applied in child custody modification cases. See Leonard v. Leonard,479 So.2d 1279 (Ala.Civ.App. 1985); Hughston v. Ivey,479 So.2d 1277 (Ala.Civ.App. 1985); Keeton v. Keeton, 472 So.2d 1082
(Ala.Civ.App. 1985); Smith v. Smith, 470 So.2d 1252
(Ala.Civ.App. 1985); Calabrisi v. Boone, 470 So.2d 1255
(Ala.Civ.App. 1985); Patchett v. Patchett, 469 So.2d 642
(Ala.Civ.App. 1985).
In our review of this case, we are governed by the ore tenus
rule. Put quite simply, where a trial court hears ore tenus
evidence in a child custody modification case, appellate courts clothe that judgment with a presumption of correctness. We will not reverse such a decision unless it is so unsupported by the evidence that it is plainly and palpably wrong. Lee v. JacksonCounty Department of Pensions and Security, 470 So.2d 1294
(Ala.Civ.App. 1985).
The evidence in the case at bar convinces us that the father has met the burden of proof imposed by McLendon and has shown that a change in custody would "materially promote" the best interests of the children.
The record is replete with testimony that the mother used marijuana in her home in the presence of her children. Further, she grew marijuana at her home and kept a ready supply within her home.
The evidence indicated that the parties hosted by the mother provided an environment unsuitable for minor children. The heavy consumption of alcohol and frequent use of marijuana in front of minor children are conditions which we cannot tolerate in the face of a petition to modify custody.
The children received a steady diet of violence while in the custody of their mother. The child psychologist revealed that the children had witnessed fights and a stabbing. The abuse of alcohol in the children's home led to several acts of violence.
Additionally, we note the absences and tardies experienced by the children are indicators of poor parental supervision. The minor son's grade problems were due in large part to lack of study and failure to do homework. All of this can be traced to the home.
While a noncustodial parent must show a "material change" in circumstances, he must also show himself to be fit as a parent.McLendon, 455 So.2d 863. The father has shown himself to be a fit parent.
The father has participated in many school activities with his children. There is regular attendance at church when the children are with the father. The father has shown himself to be able to provide a stable environment for his children. The father's parents have stated that they are both willing and able to care for their grandchildren in the event the father needs assistance.
In view of all the facts and the father's lifestyle in contrast to the mother's way of life, we see no other alternative than to find that the learned and distinguished trial judge was, in this instance, plainly and palpably wrong in refusing to modify the custody of these children.
Furthermore, if we were to allow these children to remain in the custody of a parent who allows her children to be exposed to the use of marijuana, frequent drunkenness, and acts of violence, we would be derelict in our duties.
In view of the above, other issues raised by the father are pretermitted. *Page 1104 
The father has requested an attorney's fee for representation on appeal. We hereby grant an attorney's fee of $750.
In light of the above, this case is due to be and is hereby reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.