HOLMES, Judge.
This is a child custody modification case.
After an ore terms hearing, the Jefferson County Circuit Court denied the father’s petition to modify custody. The father appeals and we affirm.
Viewing the record with the attendant presumptions, we find the following pertinent facts are revealed:
The parties were divorced in July of 1983. Custody of the couple’s minor son was awarded to the mother.
In August of 1983, the mother was diagnosed as having a fibroid tumor that required medical treatment. In the fall of 1984, the mother became very despondent and believed at one point that she was “going to die.” During this time period she began to experience financial difficulty. At one time or another the phone, electricity, and gas were disconnected for nonpayment.
During the fall of 1984, the son began to experience grade difficulty in school. Prior to this period he had always enjoyed academic excellence. However, it was explained that some of this difficulty was traced in part to “lost” assignments. Tes *1105 timony revealed that, after the first six weeks of 1984, the son’s grades returned to their normal level of excellence.
The mother began to have a relationship with a Bruce Carroll in June of 1984. There was testimony that this relationship had resulted in several overnight visits by Mr. Carroll. The mother denied that she ■ and Mr. Carroll had slept together or engaged in sexual intercourse when her son was present.
The record reveals that Mr. Carroll’s relationship with the mother had been a very turbulent one. There had been occasions when Mr. Carroll had exhibited violent behavior in the presence of the child. On one occasion, when the child was not present, Mr. Carroll assaulted the mother and broke the windshield of the mother’s car. This act resulted in the mother’s swearing out a warrant and ending the relationship with Mr. Carroll.
There was considerable evidence that related to the mother’s poor housekeeping. It was shown that this had been characteristic of her prior to the divorce.
The father is an electrical engineer with ten and one-half years at his job. He attends church regularly and carries his son with him during visitation. The father and son enjoy many outdoor activities together. The father has coached the son’s soccer team. Although expressing no reasons as to why, the son states a preference for living with his father.
The father on appeal contends that the trial court abused its discretion in refusing to change custody of the child. We disagree.
Counsel for both parties have favored this court with excellent briefs. In fact, counsel for the father has presented a brief which is outstanding.
As noted by counsel, it is well settled that in a custody modification case, as the one presently before this court, for custody to be transferred to the noncustodial parent, that parent must show that changing the custody materially promotes the welfare and best interest of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). We have consistently applied the McLendon standard in custody modification cases. See Leonard v. Leonard, 479 So.2d 1279 (Ala.Civ.App.1985); Hughston v. Ivey, 479 So.2d 1277 (Ala.Civ.App.1985); Keeton v. Keeton, 472 So.2d 1082 (Ala.Civ.App.1985); Smith v. Smith, 470 So.2d 1252 (Ala.Civ.App.1985); Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985); Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985).
This is a very difficult case to resolve. However, from an appellate court’s viewpoint it falls within the parameters of those cases where, regardless of what the trial court’s conclusion is, an affirmance would appear to be the appropriate appellate resolution.
This court, if it had had the opportunity, might have, at the trial court level, changed custody of the child from the mother to the father. However, there is evidence to support the trial court’s opposite conclusion. It was shown that the child loves the mother and that custody of the child has been with the mother since the divorce. The child’s grades have returned to their normal academic excellence, and the mother has terminated her relationship with Mr. Carroll.
Additionally, we find very little merit in the argument regarding the mother’s housekeeping. It was evidence that this had always been her habit, even prior to the divorce.
However, we would be remiss if we did not comment that, had the mother not assured the trial court that her relationship with Mr. Carroll was at an end, this court would not have hesitated in terminating her primary custodial rights.
Further, we would strongly caution the mother that these cases are never res judi-cata and that, if certain facts occur or reoccur, custody may well be changed.
In any event we find that, in this particular instance, to reverse would be to substitute our judgment for that of the trial court; this the law does not permit in the *1106 absence of clear and palpable error. Lee v. Jackson County Department of Pensions and Security, 470 So.2d 1294 (Ala.Civ.App.1985).
Both parties have requested a fee for representation on appeal. Since in this instance we cannot devise a fair monetary-award for both parties, we regretfully decline both requests.
In view of the above, this case is due to be and is hereby affirmed.
AFFIRMED. .
WRIGHT, P.J., and BRADLEY, J„ concur.