This is a child custody modification case.
After an ore tenus hearing, the trial court denied the mother's petition for modification of custody and granted the father's motion, requiring the mother to post bond guaranteeing her compliance with the *Page 1112 
court's orders. Additionally, the trial court awarded the father attorney's fees.
The mother appeals and we affirm.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed;
The parties were divorced in December 1980. Custody of the couple's infant son was awarded to the father.
Both parties have subsequently remarried. The mother now resides in Covington, Louisiana. She has one child by her second marriage.
The mother presented evidence that revealed that she and her son enjoyed a good relationship. The child enjoys his visits with his mother and stepfather. It was shown that, if custody were changed, the child would enjoy a home with his mother in a conducive atmosphere for raising a child.
Other evidence introduced by the mother revealed that the child arrived on visits with his mother suffering from diaper rash, cradle cap, and a general unkempt appearance. However, photographs introduced into evidence reveal a normal, healthy, five-year-old boy.
Additional evidence revealed that the mother had periodically violated the terms of the parties' visitation agreement by failing to return the child to his father in accordance with the terms of the court-approved visitation agreement. The child had suffered several absences from school as a consequence of his mother's actions.
The mother on appeal raises several contentions: (1) that the trial court erred in refusing to modify custody of the couple's minor son, (2) that the trial court erred in requiring the mother to post bond to guarantee compliance with the orders of the court, and (3) that the trial court erred in awarding the father attorney's fees. We disagree.
We note at the outset that in child custody modification cases it is well settled that, for custody to be transferred to the non-custodial parent, that parent must show that changing the custody materially promotes the welfare and best interest of the child. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). This court has consistently applied the McLendon standard in custody modification cases, such as the one at bar. See Wellsv. Wells, 484 So.2d 1101 (Ala.Civ.App. 1986); Schneider v.Schneider, 484 So.2d 1104 (Ala.Civ.App. 1986); Leonard v.Leonard, 479 So.2d 1279 (Ala.Civ.App. 1985); Hughston v. Ivey,479 So.2d 1277 (Ala.Civ.App. 1985).
We further note that in our review of this case we are governed by the ore tenus rule. The mother in her reply brief contends that the ore tenus rule does not apply. This assertion is bottomed on the premise that the father did not put on any direct evidence. The mother's assertion is incorrect. Suffice it to say that the father was called as a witness by the mother.
Where a trial court sits as the trier of fact, an appellate court clothes that court's judgment with a presumption of correctness. This presumption can only be rebutted by evidence that the trial court's decision is plainly and palpably wrong and unsupported by the evidence. See Wells v. Wells,484 So.2d 1101.
The evidence presented by the mother may be sufficient to show that she is a fit parent and that the child suffers from poor hygiene, but it does not satisfy the burden of proof imposed by McLendon. The evidence in this case clearly does not establish that a change in custody would "materially promote the welfare and best interest of the child." McLendon, 455 So.2d at 866. The evidence presented by the mother does not overcome the "inherently disruptive effect" caused by a change in custody.
The mother's second contention is that the trial court erred in ordering a performance bond to be posted by her to guarantee her compliance with the orders of the court relating to visitation. We disagree.
It is a well-settled rule of law in Alabama that a court has inherent power to issue *Page 1113 
such orders or process as necessary to render its judgment effective. Norris v. Norris, 406 So.2d 946 (Ala.Civ.App. 1981).
There was evidence introduced that revealed that the mother has on occasion violated the visitation agreement by failing to return the child to his father within the prescribed time period. As a consequence of the mother's acts, the child had suffered absences from school.
In light of the above evidence, we cannot say that the trial court abused its discretion by ordering the mother to post a performance bond to guarantee her compliance with the court's orders.
Finally, the mother contends that the trial court erred in its award of attorney's fees to the father in the absence of a finding of contempt. We disagree.
The award of attorney's fees in child custody modification proceedings is a matter that rests within the sound discretion of the trial court, and its judgment will not be disturbed on appeal except for an abuse of discretion. See Deines v. Deines,424 So.2d 1334 (Ala.Civ.App. 1983). No contempt citation is necessary for an award of attorney's fees in proceedings to modify the child custody provisions of a divorce judgment.Deines, 424 So.2d at 1335.
The wife has requested an attorney's fee for representation on appeal. In light of our decision in this case, that request is denied.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.