This is a child custody and child visitation case. The issue on appeal is whether the court erred when it denied the grandmother's petition for custody of the child or for visitation privileges with the child.
The case involves these facts: A child, Bridgette Lachae' Morris, was born to Janet Pressley (mother) in 1979. In 1981 the mother left the child with Elaine Morris, the child's grandmother. The grandmother filed a petition for temporary custody of the child in July 1981. By agreement of the parties and with the mother's consent, the Juvenile Court of Talladega County, granted the temporary custody of the minor child to Elaine Morris. The purpose of securing legal custody in the grandmother was to qualify her for medicaid benefits.
Temporary custody of the child continued to be with the grandmother until February 1985. However, the child had been in the physical custody of the mother since September 1983, with the grandmother's consent. After an altercation between the mother and grandmother over the child, the mother filed a petition to regain legal custody of the child. An order was entered by the court, placing temporary custody of the child with the mother pending a final hearing. After an ore tenus hearing, the court entered an order restoring the custody of the minor child to the mother. This order also denied the grandmother visitation privileges with the child. The grandmother appeals.
The grandmother's first contention on appeal is that the welfare and best interests of the child would best be served by placing the child in her custody. She also asserts that the mother has failed to meet her burden of showing changed circumstances. She further contends that pursuant to § 30-3-4, Code of Alabama 1975, *Page 89 
visitation rights for grandparents have been made discretionary with the trial court and that the court abused this discretion in not allowing her visitation privileges. She asserts that a common-law right of visitation exists for grandparents.
When a court hears evidence ore tenus, its judgment is presumed to be correct, and this court will not reverse that judgment unless it is so unsupported by the evidence as to be plainly and palpably wrong. Lovell v. Department of Pensionsand Security, 356 So.2d 188 (Ala.Civ.App. 1978). A parent who has voluntarily relinquished custody and is attempting to regain custody must show that he is fit and that the change in custody materially promotes the best interest of the child.Wells v. Wells, 484 So.2d 1101 (Ala.Civ.App. 1986); Nicholas v.Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985).
Although the grandmother disputes the fact that the child has been in the mother's custody since 1983, the evidence presented at trial supports that fact. The mother's situation has greatly improved since 1981 when she left the child with the grandmother. The mother's husband, Glen Pressley, is employed by Daniels Construction Company. His net income is over $2,000 monthly. The couple presently lives in a two-bedroom mobile home with a large yard. A social worker from North Carolina (where the mother and her husband presently reside) found that the mobile home in which the Pressleys live is clean and suitable for the child. The social worker also found that the child was in good health, was well cared for, and she observed that the child was affectionate and obedient to both her mother and stepfather. There was evidence that the grandmother is single and works from 3:00 P.M. until 11:00 P.M. daily. While the grandmother works the child must stay with a babysitter. The mother, on the other hand, does not work and can be at home with the child at all times. Taking into consideration that the child has been in the mother's physical custody since 1983 and the circumstances and home life of both parties, the court correctly concluded that the mother was fit and that a change in legal custody would materially promote the best interests of the child. There would be no problem of adjustment because of the mother's physical custody of the child for the past two years.
Section 30-3-4, Code of Alabama 1975, provides that at the discretion of the court, visitation rights for grandparents of minor children shall be granted in divorce proceedings and in situations concerning the death of a parent related by blood to the grandparents. The court found that the grandmother did not have standing to petition for visitation privileges under this statute. Several states have construed similar statutes and concluded that a petitioner must show that the circumstances of his case are like the ones provided for in the statute, or the petition must be denied. See, In re Meek, 443 N.E.2d 890
(Ind.Ct.App. 1983); Osteryoung v. Leibowitz, 371 So.2d 1068
(Fla.Dist.Ct.App. 1979). We agree with this contention. Furthermore, the right of visitation under this statute is within the discretion of the court. The grandmother is not within the categories provided for in § 30-3-4. We affirm the court's determination that the grandmother had no legal right of visitation with the child.
There is no common-law right which provides that grandparents have a right to visit and communicate with their grandchildren, if such visitation is forbidden by the parents. The parents' obligation to allow such visitation is a moral and not a legal obligation. Ex parte Bronstein, 434 So.2d 780 (Ala. 1983).
The judgment of the trial court is affirmed.
Appellee's request for attorney fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 90