HOLMES, Judge.
This is a child custody modification case.
The father, Rufus Allen Tice, petitioned the trial court for a change of custody. He averred that it would be in the best interest of the couple’s daughter, Pamela Jean Tice, age fourteen, for custody to be changed from the mother, Martha Jean Tice, to the father.
After an ore terms hearing, the trial court awarded custody of Pamela to the father. This court stayed the trial court’s order pending this appeal.
The mother appeals. We reverse and remand.
The dispositive issue on appeal is whether the trial court erred in changing custody from the mother to the father.
The record reveals, in pertinent part, that the parties were divorced in September 1983. By agreement of the parties, the father was awarded custody of the minor son, and the mother was awarded custody of Pamela.
In 1984, the mother married Oscar Frausto, a member of the United States Armed Forces. Frausto received orders to report for duty in Berlin, West Germany, in November 1986.
In October 1986, the father filed a petition, seeking modification of the divorce decree. The father averred that there had been a material change in circumstances in that Pamela had expressed a desire to live with her father so that she can continue going to school in Daleville. He averred that it would be in the child’s best interest for there to be a change in custody.
Initially, we note that, when the trial court hears the evidence, its determination is presumed correct and will not be disturbed on appeal unless the evidence so fails to support the determination that it is plainly and palpably wrong or an abuse of *1236 discretion. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
In a child custody modification case, the parent seeking a change in custody has the burden of proving that the change would materially promote the welfare and best interest of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). It is well settled that the McLendon standard will be applied in child custody modification cases. See Wells v. Wells, 484 So.2d 1101 (Ala.Civ.App.1986), and cases cited therein.
The evidence in the present case convinces us that the father has failed to meet the burden of proof which was imposed by McLendon. The only evidence presented was that the mother was moving to Germany and that the minor daughter did not wish to move and, therefore, expressed a desire to live with her father and brother. We do not find that this evidence rises to the standard established by McLendon.
Therefore, we reverse the trial court’s findings because the father failed to meet his burden of proof.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.