HOLMES, Retired Appellate Judge.
The parties married in 1985. A son was born of the marriage in May 1990. The parties separated in August 1993 and obtained a divorce in September 1993.
The parties executed an agreement, wherein they agreed that the mother was to have custody of the son, subject to the father’s visitation rights. The trial court adopted the parties’ agreement in its divorce decree.
In November 1996 the father filed a petition for modification, requesting that the trial court award him custody of the son. The father alleged that such a change in custody “would materially promote [the son’s] welfare and best interests as opposed to [the son’s moving to Michigan with the mother].” The father further alleged that because the son had lived in the Arab and Blountsville area all of his life, a move with the mother to Michigan “would be extremely disruptive to [the son] and would be uprooting him from the extended family and relationships that he has known all of his life.”
The mother filed an answer and a counter-petition for modification, which stated the following, in pertinent part: “In the event that [the mother] is transferred by her employer out of the State of Alabama, [the mother] requests that [the father’s] visitation *102 privileges with the [son] be modified accordingly.”
After a hearing the trial court issued an order, finding that “[b]oth parents are not merely ‘good’ parents, they are exemplary parents and have been since their divorce.” The trial court’s order also stated the following, in pertinent part:
“SECOND: Assuming that the [mother] does not choose to accept the job offered in Battle Creek, [Michigan], but rather remains in or near her present residence, the court hereby finds that the [father] has not met the burden required by McLendon and the complaint for modification is, and will be, denied.
“THIRD: The [father], at least by the psychological evidence presented, seeks not to have a new ‘tender years’ presumption recognized by the court, but rather a presumption that would favor fathers of school age male children. The court feels that this is contrary to both the spirit and letter of the law abolishing gender distinctions. Likewise, the court will not recognize a rule in our mobile society which automatically prohibits a custodial parent from moving for valid reasons, such as job necessity, to other locations. The cases cited by the [father] make it clear, however, that although a proposed change of a child’s residence is only one factor for the court to consider in making a change-of-custody decision, it is indeed a factor to be considered. Without elaborating, this court finds that if the [mother] does accept the proposed job in Michigan (or similar location far from this area), it would be in the child’s best interests to transfer custody to the [father] and that the benefits of remaining in close contact with the [father] and in close contact with the members of both [the father’s] and [the mother’s] extended families would, in fact, outweigh the negative effect that such change of custody would have. This court hereby orders that upon the [mother’s] accepting such job in Michigan (or similar remote location), then the provisions of the prior judgment be, and hereby are, amended to award custody to the [father], subject to visitation and support to be specified and computed at that time.”
(Emphasis added.)
The mother appeals, contending that the trial court abused its discretion when it ordered that custody of the parties’ son would change from the mother to the father if the mother moves out of the state to retain her employment.
Initially, we note that when a trial court hears the evidence and makes a determination, that determination is presumed correct and will not be disturbed on appeal unless the evidence so fails to support the determination that it is plainly and palpably wrong or an abuse of discretion. Tice v. Tice, 505 So.2d 1235 (Ala.Civ.App.1986).
It is well settled that in a child custody modification case, the court’s primary concern is the welfare of the child and that the parent seeking a change in custody has the burden of proving that the change would materially promote the welfare and best interests of the child. Voloshik v. Voloshik, 505 So.2d 1233 (Ala.Civ.App.1986); Tice, 505 So.2d 1235.
This court stated the following in Vail v. Vail, 532 So.2d 639, 641 (Ala.Civ.App.1988): “A change in the custodial parent’s place of residence does not, of necessity, justify a change in child custody even where the relocation by the custodial parent is outside of the United States; however, such change is a factor to be considered.”
In the present case the mother points out that her proposed move is based neither on a whim nor on a desire to limit the son’s contact with his father. On the contrary, the proposed move is for economic and employment reasons — the mother has been employed by the U.S. Army for 15K years, and her job in the logistics field is being moved from Redstone Arsenal to Battle Creek, Michigan. If the mother does not accept the transfer, she will be without employment. The mother testified that the job in Michigan provides more career stability and requires less travel than her current position.
At the hearing the mother acknowledged that she permitted the father to exercise *103 more visitation than was required by the divorce decree because it was in the son’s best interests to have contact with his father. She stated that after the move, she is prepared to accommodate the father to allow as much contact as possible between the father and the son. She also stated that the son would be devastated if she moved without, him and that she would move to Michigan only if she could take the son with her.
In his brief on appeal the father states the following, in pertinent part:
“We have no argument with the McLen-don rule, but it is based on the simple disruptive effect of changing custody from one parent to another. In situations such as this case, there is an additional disruptive factor. If [the mother] moves to Michigan, there is going to be a disruption in [the son’s] life whether he goes with her or he doesn’t. Either way one would expect it to be a traumatic experience for [the son]. Perhaps in this type of case a valid consideration is which would be the least disruptive and the least traumatic. We submit that the evidence shows clearly that for [the son] to stay with his father and to continue in the benefit and security of his large support system of extended families ... would result in the severing of the least number of ‘roots’ and provide the greatest amount of support for'the overcoming of the effect of the severing of some of his roots.”
We would note that the maternal grandfather testified that he and his wife expect to continue their close relationship with the mother and the son and that they expect to see them on a regular basis, even if the mother and the son move to Michigan. The maternal grandparents are retired and are able to travel.
Dr. Roger Rinn, a licensed psychologist, testified on behalf of the father at the hearing. We would note that Dr. Rinn had not met with the father, the mother, or the son and that Dr. Rinn relied heavily on statistics to support his testimony. Dr. Rinn stated that studies have shown that fathers are critically important in the lives of their children and that the absence of a father is associated with numerous problems. Dr. Rinn also stated that the proposed move out of the geographical area would effectively eliminate the father from the picture and would deprive the son of the previous degree of influence that the father was able to exercise in the son’s life. .However, Dr. Rinn admitted that a move can be an educational and growing experience for a child and that a well-planned and organized move is less disruptive to a child than a spontaneous move made without a reasonable basis.
Dr. David Wilson, a licensed psychologist, testified that he met with the mother and the son on two occasions and that he did not meet with the father because the father declined to participate. Dr. Wilson testified that the mother was not taking the proposed move lightly and had put a lot of thought into the move — how close the son’s school would be to her job and their home, how to establish a support system in Michigan, how the son could continue to have some regular contact with his father, etc.
Dr. Wilson stated that the son knew about the proposed move and that while the son realized that the father would be sad, the son appeared to be excited about the move. Dr. Wilson also stated that the mother and the son have a very strong relationship, that the son turns to the mother to meet his day-today emotional needs, and that it would be “very difficult” and “possibly traumatic” for the son if he were removed from the mother’s custody at this point in his life.
At the hearing the father stated that although he had no complaints about the mother as a mother, he objected to the proposed move to Michigan for the following reasons: (1) He and the son would no longer be able to maintain the close association and contact they had enjoyed. However, this would apply equally to the mother if custody were removed from her. (2) He is a better role model for the son because “sons at this age need their fathers around.” However, as previously noted, Dr. Wilson testified that the mother and the son have a very strong relationship, that the son turns to the mother to meet his day-to-day emotional needs, and that it would be “very difficult” and “possibly traumatic” for the son if he were removed from the mother’s custody at this point in his *104 life. (3) The son has a large support system of extended family in Alabama — the father and the father’s new wife, an aunt, three uncles, and five grandparents (his paternal grandmother, his maternal grandparents, and his stepmother’s parents, who consider him to be a grandson). However, as previously noted, the maternal grandparents plan to visit Michigan on a regular basis, and the son can communicate with his extended family by telephone.
In light of the foregoing, we find that the father failed to meet his burden of demonstrating that the best interests and welfare of the son would be materially promoted by changing custody from one suitable parent to the other. We find that the trial court abused its discretion when it modified the custody provisions of the divorce decree. Consequently, the trial court’s judgment is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The mother’s request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.