Jeffery L. Nauditt ("the father") and Regina M. Nauditt Haddock ("the mother") were divorced in 1998. Pursuant to their divorce judgment, they shared joint custody of their three sons, alternating physical custody each week. In July 2002, the mother remarried. Around that same time, the children spoke with their father about their desire to live full-time with him. The father filed a petition to modify custody, seeking sole physical custody, in August 2002. After a trial, the trial court entered a judgment stating:
 "[T]his Court concludes that the recommendations of the Northwest Alabama Children's Advocacy Center are reasonable and offer an adjustment in the time that each parent can spend with the children.
 "The evidence presented shows that the children are well adjusted, well behaved, doing excellent work in school, and giving the appearance of thriving; all of this, in spite of the fact that the parents can't seem to communicate or work well together for the betterment of their children."
The judgment adopted the recommendations of the Northwest Alabama Children's Advocacy Center. The report from the Northwest Alabama Children's Advocacy Center stated, in part:
 "1. No changes to the joint custody arrangement will be made, as no significant issues were presented that would fall under the guidelines of significant changes that would warrant a change in custody.
 "2. A modification as to the current visitation situation as follows: the children would reside with the mother every other Thursday, Friday, Saturday, and Sunday. We are recommending that standard visitation guidelines be followed regarding holidays, birthdays, etc. This would allow the children to be with the mother approximately 1/3 of the time and with the father approximately 2/3 of the time. This is taking into consideration all issues presented by all parties involved."
Both parents appeal from this judgment. The father argues that the trial court erred in not modifying child support despite the fact that, he says, he is, in essence, the sole physical custodian of the *Page 366 
children. He also argues that the record does not contain the appropriate child-support forms, which, he says, necessitates a reversal. The mother argues that the trial court erred by modifying the "visitation" provisions of the prior custody judgment because, she says, the father failed to prove a material change in circumstances warranting such a modification. We affirm the judgment.
The mother asserts that the father's arguments on appeal are without merit. She says that the father did not request a modification of child support until he filed his postjudgment motion and that, because of that fact, the modification of child support was not an issue before the trial court. The mother is correct. The father's petition to modify custody alleges that the children expressed a desire to live with him "all of the time" and that he desired that the children live with him "all of the time." The petition sought sole physical custody of the children. The petition does not contain a reference to child support. Interestingly, the mother's answer and counterpetition does request a modification in the amount of child support, in addition to requesting that the trial court award her sole physical custody. At trial, however, the only issue tried was custody, and the testimony and evidence admitted pertained only to that issue. In fact, when the trial court questioned the parties regarding the issues to be tried, the only issue mentioned was child custody.
This court has reversed judgments modifying a child-support obligation "[w]here there is no pleading, either written or oral, seeking modification of the amount of child support, and the issue is not tried by consent of the parties, expressly or impliedly." State ex rel. Vickers v. Vickers, 684 So.2d 1327,1329 (Ala.Civ.App. 1996); see also State ex rel. Thompson v.Thompson, 586 So.2d 7, 8 (Ala.Civ.App. 1991); and Roberson v.Roberson, 558 So.2d 946, 947 (Ala.Civ.App. 1990). Based on the absence of any testimony or evidence of either party's income and on the exchange between the trial court and counsel for the parties at the opening of the trial, it is apparent that the mother did not pursue her request for a modification of child support at trial. If the trial court had entered a judgment modifying the father's existing child-support obligation, this court would have reversed it if the mother had appealed and argued the law set forth above. Accordingly, despite the husband's arguments and his postjudgment submission of evidence relevant to the issue of child support, we cannot reverse the trial court for its failure to modify child support when neither party requested such relief at trial.
The mother's argument on appeal is more complex. She argues in the first instance, in response to the husband's characterization of the trial court's judgment as one granting him sole physical custody, that the trial court's judgment does not truly modify the prior judgment under which the parties were granted joint custody but that it instead only modifies the "visitation" provisions of that judgment. She bases this assertion on the trial judge's statements at trial and on the language in the judgment indicating that the parties' situation had not changed significantly and that the joint-custody arrangement had worked out well and produced well-adjusted children. In addition, she points to the language contained in the report from the Northwest Alabama Children's Advocacy Center, which the trial court adopted in its judgment. That report, as quoted above, indicates that the Center did not recommend a change in the joint-custody arrangement; rather, it urged a change in the "visitation" provisions of the judgment, providing that the *Page 367 
mother would have physical custody of the children approximately one-third of the time, while the father would have physical custody two-thirds of the time.
Despite the institution of a joint-custody statute in 1997,see Ala. Code 1975, § 30-3-150 et seq., the bench and bar have not consistently used the appropriate terminology in drafting custody judgments. As we have commented before, the new terms — joint custody, joint legal custody, joint physical custody, sole legal custody, and sole physical custody — are the proper terms to describe the various forms of custody. Although, as a practical matter, this court can easily determine that a judgment granting the parties "joint custody," but giving primary physical custody to the mother is in essence an award of joint legal
custody to the parties with a grant of sole physical custody to the mother, see, e.g., Harris v. Harris, 775 So.2d 213, 214
(Ala.Civ.App. 1999), the interchanging of the various terms serves to perpetuate the handling of joint-custody cases under caselaw predating the adoption of our joint-custody statute.
In this case, which involves a true joint-custody arrangement where the parents share both joint legal custody and joint physical custody, see Ala. Code 1975, § 30-3-151(1), we must determine whether a change in the length of one parent's period of physical custody is a change of custody, if it is a change in visitation, or if it is neither of those options. Our joint-custody statute does not expressly answer this question. However, the statute does provide that when one parent is awarded sole physical custody, that parent is favored over the other and the noncustodial parent is awarded "rights of visitation." Ala. Code 1975, § 30-3-151(5). Conversely, the statute provides that when both parents share joint physical custody, one parent is not favored over the other, the parents are both assured of "frequent and substantial contact" with the children, and physical custody periods need not be of equal durations of time. Ala. Code 1975, § 30-3-151(3). Therefore, in a joint-physical-custody arrangement, each parent has something more than mere "visitation" during their period of actual physical custody. Thus, we conclude that the parents in the present case each had custodial rights and neither had mere visitation rights.
However, such a conclusion does not solve the ultimate issue in this case. The mother argues that the trial court's modification of the custodial provisions of the divorce judgment should be reversed. We must still determine how we are to review the trial court's change in the custodial provisions of the divorce judgment — as a change in custody or as a change in visitation. We conclude that, in general, a change in the amount of time a joint custodial parent will exercise his or her custodial rights (referred to hereinafter as a parent's "custodial period") is more akin to a change in visitation rights than a change in custody.
Alabama courts have long held that a trial court has broad discretion in determining visitation rights. Skipper v.Skipper, 280 Ala. 506, 508, 195 So.2d 797, 799 (1967); Long v.Long, 781 So.2d 225, 226 (Ala.Civ.App. 2000); and Sullivan v.Sullivan, 631 So.2d 1028, 1029 (Ala.Civ.App. 1993). The trial court is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case. A visitation award may only be modified if there is a showing of changed circumstances warranting such a modification. Long, 781 So.2d at 227. A visitation award will not be reversed unless the trial court has abused its discretion.Id. at 226. We will henceforth use the same standard in *Page 368 
determining whether a trial court's modification of a parent's custodial period under a joint-physical-custody arrangement is appropriate.
The mother argues that the father failed to demonstrate changed circumstances that warranted a modification of her custodial period. The impetus behind the father's filing of his petition for modification was the mother's remarriage and the children's subsequent problems adjusting to their newly blended family. The mother says that the children were experiencing "growing pains" as a result of her remarriage but that the children were not so drastically affected as to require a change in her custodial period. Although written in the context of a custody modification, the following statement of law has equal pertinence here: "The remarriage of one or both of the parties is not in and of itself such a material change of circumstances as to justify modification, but it is nevertheless a factor to be considered by the trial court." Sherrod v. Sherrod, 361 So.2d 17, 19
(Ala.Civ.App. 1978).
The mother also argues that the trial court and the Northwest Alabama Children's Advocacy Center, upon whose report the trial court based its judgment, placed too much emphasis on the desire of the children to live with their father. The mother correctly points out that the wishes of children involved in a custody dispute are not determinative. See Smith v. Smith,470 So.2d 1252, 1254 (Ala.Civ.App. 1985); Hayes v. Hayes, 512 So.2d 119,121 (Ala.Civ.App. 1987); and Sherrod, 361 So.2d at 19. However, a trial court can and should consider the children's wishes as one of a myriad of factors when making its decision. Smith, 470 So.2d at 1254; Hayes, 512 So.2d at 121; Sherrod, 361 So.2d at 19.
Although the mother is correct in noting that her remarriage, in and of itself, and the children's wishes, standing alone, should not be considered as material changes in circumstances warranting a change in her custodial period, both of those factors, combined with other evidence at trial, could have, in the trial court's estimation, indicated a change in circumstances sufficient to warrant a modification. As the Sherrod court explained, "[t]he trial court in reaching a determination on whether these and other factors justify a modification . . . must consider and weigh them with the principle always in mind that the best interests and welfare of the child are of paramount importance." Sherrod, 361 So.2d at 19. The trial court was presented with a report from the Northwest Alabama Children's Advocacy Center indicating that the children felt that their mother was not meeting their emotional needs and that the mother, on parenting tests conducted during the assessment, demonstrated "a lack of awareness of addressing the feelings of the [children] in various situations." The children indicated that they felt that their mother was more concerned about the feelings of their stepsiblings and that they felt like "strangers" in their new home.
The trial court could have determined that the children felt unsupported by their mother, who was more focused on her new marriage and assimilating to her new stepchildren than on her children's reaction to her remarriage. The trial court's adoption of the Northwest Alabama Children's Advocacy Center's recommendation in its entirety, which included counseling to improve communication between the mother and the children, supports a conclusion that the trial court considered and weighed the combination of the mother's remarriage, the children's feelings of emotional abandonment, and the children's wishes to spend more time living with the father and that it determined that the best interest of *Page 369 
the children, at this time and under these circumstances, were served by a change in the parents' custodial periods. The trial court then adjusted the custodial period of each parent under the joint-custody arrangement based upon the recommendation of the Northwest Alabama Children's Advocacy Center. We cannot say that the trial court's determination that a modification of the parents' custodial periods is an abuse of the trial court's discretion in this case. Therefore, we affirm the trial court's modification of the parents' custodial periods.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result, without writing.