This is a grandparent visitation case.
Melissa Turner is the mother of a 5-year-old daughter, L.A.T. The mother is not married, and the paternity of L.A.T. has never been established.
In August 1995, the trial court granted a petition for grandparent visitation filed by Gene Turner, the mother's father ("the grandfather.") In May 1996, the mother filed a motion to terminate grandparent visitation. In September 1996, the grandfather filed a motion to show cause why the mother should not be held in contempt for refusing to comply with the visitation order. An evidentiary hearing was held on October 15, 1996. This appears to be the first and only hearing on the issue of grandparent visitation since the grandfather first moved to establish visitation in October 1994. On October 16, 1996, the trial court entered an order holding the mother in contempt for failing to comply with the visitation order, but allowing the mother to purge herself of contempt if she began abiding by the order, and specifying the parties' duties and responsibilities regarding the visitation. The mother timely filed a motion to alter, amend, or vacate the judgment, or in the alternative, for a new trial. This motion was denied by the trial court, and the mother appealed to this court. The record reflects that, before filing the notice of appeal, the mother was held in contempt and was sentenced to 36 hours of incarceration in the Marshall County Jail.
The mother contends, as she has throughout the proceedings below, that Alabama law does not provide for a right of grandparent visitation in the instant situation.
Alabama common law does not provide grandparents the right to visit or communicate *Page 1220 
with their grandchildren when visitation is forbidden by the parents. In re Morris, 494 So.2d 87 (Ala.Civ.App. 1986). However, the legislature has provided grandparents with the right to visitation with their grandchildren in certain situations:
 At the discretion of the court, visitation privileges for grandparents of minor grandchildren shall be granted in any of the following situations:
 "(1) When the parents of the child have filed for a dissolution of their marriage or when they are divorced. A grandparent may intervene in any dissolution action solely on the issue of visitation privileges or may file a petition to modify an original decree of dissolution to seek visitation rights when those rights have not been previously established by the court. A grandparent may file a motion for contempt when visitation rights granted by the court have been unreasonably denied.
 "(2) When the parent related by blood to the grandparents is deceased and the surviving parent denies reasonable visitation privileges to the grandparents, or when the surviving parent relinquishes custody, or when the rights of the surviving parent are terminated voluntarily or by any order of the court. A grandparent may intervene in any legal action solely on the issue of visitation privileges or may file a petition to modify an original decree in any court when visitation privileges have not been previously established by the court."
§ 30-3-4, Ala. Code 1975 (emphasis added).
This statute clearly provides that grandparents may be granted visitation rights in two situations: (1) when the parents are divorced or are in the process of divorcing, and (2) when the parent related by blood to the grandparents is deceased. Nothing in this statute provides grandparents the right to visitation in the absence of the parents' divorce or a parent's death. Even though this statute was amended by the legislature in 1989 and in 1995, it has not expanded the scope of grandparent visitation rights to extend beyond these limited circumstances. Because grandparent visitation is purely statutory, it is restricted according to the terms provided by the legislature. B.R.O. v. G.C.O., 646 So.2d 126
(Ala.Civ.App. 1994).
Section 30-3-4 clearly does not provide for grandparent visitation absent the parents' divorce or a parent's death. Thus, the grandfather has no right to force his own non-divorced daughter to allow him visitation with his granddaughter. Therefore, the judgment of the trial court is reversed and the case is remanded. The trial court is instructed to vacate its order dated October 16, 1996, and to enter an order terminating any previously granted visitation rights.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.