726 So.2d 733 (1999)
C.Y.
v.
C.L.
(In the matter of C.N.L., a minor).
2971166.
Court of Civil Appeals of Alabama.
January 15, 1999.
Kathleen M. Nemish, Dothan, for appellant.
Robert D. Drummond, Jr., Montgomery, for appellee.
MONROE, Judge.
C.Y., the mother of five-year-old C.N.L., appeals from the trial court's order establishing grandparent visitation rights for her mother, C.L. ("the grandmother").
On August 1, 1997, the Houston County Department of Human Resources ("DHR") filed a petition seeking to be relieved of protective supervision of C.N.L. and seeking to be relieved of the responsibility of supervising visitation between C.N.L. and the grandmother. The record on appeal does not contain the earlier case history; however, certain facts may be gathered from the record and briefs: The juvenile court had found C.N.L. to be dependent and had placed C.N.L. in the custody of DHR. C.N.L. was placed in the physical custody of the grandmother for approximately two years, after which time the mother regained physical custody. The mother has now had physical custody of C.N.L. for approximately two and one-half years. According to the testimony of a social worker, visitation between C.N.L. and the grandmother was established in an effort to make the transition easier for C.N.L. after the mother regained custody.
A review of the record and briefs also indicates that the relationship between the mother and grandmother is an unpleasant one, to say the least. The mother testified that she originally believed that the grandmother was trying to help her regain custody, but that she came to realize that the grandmother was doing nothing to help her regain custody. At some point the grandmother accused the mother of abusing C.N.L., but these accusations proved to be unfounded. Past hearings in this case became so heated and hostile that they appear to have made lasting impressions on all those involved, as evidenced by statements made by the judge and attorneys.
*734 In response to DHR's motion to be relieved of supervision of C.N.L., the grandmother filed a motion to modify visitation to allow unsupervised visitation with C.N.L. The juvenile court held a hearing, after which it entered an order stating: "Maternal grandmother's request for court ordered visitation is denied. DHR's motion to be relieved of protective supervision is granted." The grandmother appealed to this court. Because no record was made in the juvenile court, this court remanded the case to the Houston Circuit Court for a trial de novo.
In circuit court, the grandmother withdrew her motion for a modification of visitation, taking the position that she already had visitation and that she wished to maintain it. The circuit court held two hearings, after which it entered an order finding that C.N.L. is no longer dependent, relieving DHR of protective supervision, restoring full parental rights to the mother, and ordering visitation for the grandmother on the first and third Saturdays of every month. The mother appealed.
The right of grandparent visitation did not exist at common law but was instead created by legislative act. B.R.O. v. G.C.O., 646 So.2d 126 (Ala.Civ.App.1994). Under common law, grandparents lacked any legal right to visitation if that visitation was forbidden by the parents, and the parents' only obligation to allow visitation was a moral, not a legal, obligation. Ex parte Bronstein, 434 So.2d 780 (Ala.1983). The only right to grandparent visitation has been provided by the legislature, which has provided that grandparents have the right of visitation in certain limited circumstances:
"(1) When the parents of the child have filed for a dissolution of their marriage or when they are divorced. A grandparent may intervene in any dissolution action solely on the issue of visitation privileges or may file a petition to modify an original decree of dissolution to seek visitation rights when those rights have not been previously established by the court. A grandparent may file a motion for contempt when visitation rights granted by the court have been unreasonably denied.
"(2) When the parent related by blood to the grandparents is deceased and the surviving parent denies reasonable visitation privileges to the grandparents, or when the surviving parent relinquishes custody, or when the rights of the surviving parent are terminated voluntarily or by any order of the court. A grandparent may intervene in any legal action solely on the issue of visitation privileges or may file a petition to modify an original decree in any court when visitation privileges have not been previously established by the court."
§ 30-3-4, Ala.Code 1975.
According to this statute, a grandparent may seek visitation rights in two instances: (1) by intervening in the parents' divorce action or by seeking to modify visitation rights after the parents are divorced, or (2) by filing or intervening in an appropriate action when the parent related by blood to the grandparent is deceased. Neither circumstance is present in this case. The evidence is undisputed that the mother is not divorced from C.N.L.'s father. In fact, they were never married. Nothing in this statute permits the grandmother to force her daughter to allow visitation with her grandchild, C.N.L. Turner v. Turner, 706 So.2d 1219 (Ala.Civ.App.1997).
The grandmother takes the interesting position that § 30-3-4 does not apply in this case because, she contends, she had already been awarded visitation rights and was not seeking to have them established. Visitation between the grandmother and C.N.L. was provided for the benefit of C.N.L. to ease her transfer of custody. C.N.L. is now no longer dependent and DHR has been relieved of protective supervision of C.N.L. The trial court awarded the mother full parental rights. Thus, the grandmother's visitation schedule that was a part of C.N.L.'s dependency case is no longer in effect. We do not agree with the grandmother that her past visitation is somehow the equivalent of court ordered visitation rights.[1] To hold otherwise *735 could have potentially disastrous results in dependency cases.
Because the right of grandparent visitation is purely statutory, neither this court nor the trial court can establish visitation rights for this grandmother. We are not unsympathetic to the grandmother's desire to visit her grandchild, but her situation is not unique. The legislature has not chosen to provide for grandparent visitation in this situation. Whether grandparent visitation will be allowed is now a moral question that rests squarely on the shoulders of the mother. In its order, the trial court reasoned that it was in C.N.L.'s best interest to remain in contact with her grandmother. We do not fault the trial court for attempting to fashion an equitable arrangement in this situation; however, we are not permitted to allow this award to stand.
That portion of the trial court's judgment ordering visitation for the grandmother is reversed, and the case is remanded for the trial court to enter an order consistent with this opinion. The remainder of the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
NOTES
[1] The record does not indicate whether the grandmother's visitation was established by the juvenile court or by DHR. In either case, the visitation was a part of the dependency case and is no longer in effect.